■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYLE MAIN, Appellant. [625 NYS2d 970] —Judgment unanimously affirmed. Memorandum: Defendant pleaded guilty to attempted burglary in the third degree in full satisfaction of a three-count indictment and was sentenced, as a second felony offender, to an indeterminate term of imprisonment of two to four years. He filed a timely notice of appeal from that conviction but never perfected the appeal; it was dismissed on the unopposed motion of the People on July 31, 1992.

Thereafter, this Court reduced the conviction of the predicate felony to a misdemeanor (People v Main, 195 AD2d 1025). Defendant then moved pursuant to CPL 440.10 to vacate his guilty plea, his second felony offender adjudication and his sentence in this matter. That motion was granted with respect to the sentence only and he was resentenced as a first felony offender. County Court denied that part of the motion that sought withdrawal of the plea, rejecting the argument that defendant had entered the plea upon the misapprehension that he was a second felony offender. We denied leave to appeal from the order on the CPL article 440 motion.

Upon appeal from the resentencing, defendant now seeks review of his plea. The only issue properly before us is the resentence (see, CPL 450.30 [3]; People v Ferrin, 197 AD2d 882, lv denied 82 NY2d 849), concerning which defendant makes no argument. (Appeal from Judgment of Erie County Court, D'Amico, J.—Resentencing.) Present—Green, J. P., Pine, Callahan, Doerr and Davis, JJ.