■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILKINS RAMIREZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILKINS RAMIREZ, Appellant. [771 NYS2d 891]—

Judgments, Supreme Court, New York County (Laura Visitacion-Lewis, J.), rendered June 28, 2001, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to concurrent terms of 5½ to 11 years, and convicting him, upon his plea of guilty, of violation of probation, and revoking his prior sentences of probation and resentencing him to terms of 1 to 3 and 2 to 6 years, to run concurrently with each other and with the sentence imposed upon the convictions after trial, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (see People v Gaimari, 176 NY 84, 94 [1903]). In this observation sale case, the totality of defendant's conduct established that he sold drugs to an apprehended purchaser.

Defendant's claim that court should have given a circumstantial evidence charge is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the evidence did not require such a charge (see People v Roldan, 88 NY2d 826 [1996]; People v Daddona, 81 NY2d 990, 992 [1993]).

The apparent tactical decision by defendant to forgo a CPL

440.10 motion leaves us with a record that establishes defendant overall received effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

Defendant's claim that his June 2001 plea to violation of probation was involuntary is unpreserved (*People v Lopez*, 71 NY2d 662, 665-666 [1988]), and we decline to review it in the interest of justice. Were we to review this claim, we would reject it. Furthermore, the court properly exercised its discretion in resentencing defendant to terms of imprisonment.

On this appeal from a resentence following a revocation of probation, defendant's attacks on one of the underlying judgments upon which the court had originally sentenced him to probation are not properly before this Court (CPL 450.30 [1], [3]; *People v McMillan*, 228 AD2d 166 [1996], *lv denied* 88 NY2d 1070 [1996]). These arguments are without merit in any event. Concur—Buckley, P.J., Mazzarelli, Saxe, Ellerin and Marlow, JJ.