■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EFRAIN HERNANDEZ, Appellant. [872 NYS2d 455]—

Judgment of resentence, Supreme Court, New York County (Michael J. Obus, J.), rendered October 17, 2008, resentencing defendant to a term of seven years with five years' postrelease supervision (PRS), unanimously affirmed.

In December 2005, having served six years of the seven-year determinate term imposed upon his conviction of burglary in the second degree, defendant was granted conditional release and began to serve an administratively-imposed mandatory five-year term of postrelease supervision. Thereafter, in *People v Sparber* (10 NY3d 457 [2008]) and *Matter of Garner v New York State Dept. of Correctional Servs.* (10 NY3d 358 [2008]) the Court of Appeals held that a PRS term is only valid if judicially

imposed at the time of sentencing, but emphasized that a sentencing court retains the authority to correct a procedural sentencing error, even beyond the one year following conviction afforded the People to seek resentencing under CPL 440.40 (*Sparber*, 10 NY3d at 469, 471-472; *Garner*, 10 NY3d at 363 n 4). In response, the Legislature enacted Correction Law § 601-d, providing a procedural framework for the identification and resentencing of those defendants whose convictions required a mandatory PRS component that had not been imposed by the sentencing court. In accordance with the new statute, the court resentenced defendant, imposing a five-year term of PRS.

The court clearly acted under the authority granted to it by the Legislature when it enacted Correction Law § 601-d. Accordingly, we reject defendant's arguments that the resentencing exceeded the sentencing court's authority to correct an illegal sentence (*see People v DeValle*, 94 NY2d 870 [2000]), and that the court lost jurisdiction to resentence defendant.

We further reject defendant's claim that double jeopardy and due process protections rendered his resentencing unconstitutional. Defendant concedes that his resentencing would have been constitutional had it occurred while he was still serving his prison sentence, but argues that the resentencing violated his legitimate expectation of finality since the PRS term imposed by the Department of Correctional Services (DOCS) was a nullity, since he had completed the only lawfully-imposed portion of his sentence, and since the People's time to seek corrective action by way of an appeal or CPL 440.40 motion had expired. We conclude that defendant had no legitimate expectation of finality with respect to a determinate seven-year sentence with no attending PRS component (*see United States v DiFrancesco*, 449 US 117, 138-139 [1980]; *United States v Rosario*, 386 F3d 166, 171 [2d Cir 2004]; *United States v Lundien*, 769 F2d 981 [4th Cir 1985], *cert denied* 474 US 1064 [1986]).

Clearly, defendant understood that PRS was a component of his sentence, as he had actually served three years of PRS at the time of resentencing. The fact that DOCS-imposed PRS is a nullity does not render it irrelevant to a defendant's expectation of finality. Here, defendant did not merely "expect" to be subject to PRS; he was actually serving such a term, albeit one that was improperly imposed by DOCS instead of the sentencing court. Furthermore, defendant could not have had a legitimate expectation in the finality of a sentence that is manifestly contrary to law. As noted, both the Court of Appeals and the Legislature have determined that failure to impose PRS is a defect that is correctable, notwithstanding the expiration of the

People's time to appeal or move for resentencing. Finally, defendant's resentencing did not offend notions of fundamental fairness, as he was resentenced only to the originally promised determinate term of seven years, along with the required five-year term of PRS. Concur—Mazzarelli, J.P., Moskowitz, Renwick and Freedman, JJ.