■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN RODRIGUEZ, Appellant. [874 NYS2d 117]—

Judgment of resentence, Supreme Court, New York County (Carol Berkman, J.), rendered July 16, 2008, resentencing defendant to a term of seven years with five years' postrelease supervision (PRS), unanimously affirmed.

The court properly resentenced defendant pursuant to Correction Law § 601-d to comply with the requirement that PRS be part of the court's oral pronouncement of sentence (*see People v Sparber*, 10 NY3d 457 [2008]). We reject defendant's arguments that the court lacked authority and jurisdiction to correct his sentence once he completed the prison portion thereof (*see People v Hernandez*, 59 AD3d 180 [2009]). Defendant's double jeopardy argument, which is of a type that requires preservation (*see People v Gonzalez*, 99 NY2d 76, 82-83 [2002]), and his remaining challenges to the resentencing are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find them without merit (*see Hernandez, supra*). With regard to defendant's argument that the resentencing court had discretion to let stand the original sentence, which unlawfully lacked a provision for PRS, we conclude that Correction Law § 601-d and Penal Law § 70.85, when read together, make clear that a court imposing a resentence pursuant to these enactments has no discretion to omit PRS without the prosecu-

tor's consent, which was lacking here. Concur—Tom, J.P., Friedman, Gonzalez, Sweeny and McGuire, JJ.