■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERENCE G. JORDAN, Appellant. [883 NYS2d 514]—

Judgment of resentence, Supreme Court, New York County (James A. Yates, J.), rendered July 5, 2007, resentencing defendant, as a second felony offender, to a term of three years with five years' postrelease supervision, unanimously affirmed.

On January 27, 2000, defendant pleaded guilty to assault in the second degree for striking and breaking the jaw of his girlfriend's 15-year-old daughter. In exchange for his guilty plea, defendant was promised a determinate sentence of three years' imprisonment, and on March 6, 2000, the court imposed the promised term. No mention was made, either at the plea allocution or at the sentencing proceeding, that defendant would be subject to any period of postrelease supervision (PRS). Despite being given written notice of his right to appeal from the judgment, defendant did not do so.

In 2002, defendant was released from prison and began serving a term of PRS. In 2007, while still under PRS, he moved pursuant to CPL 440.20 to set aside the sentence on the ground that he was not advised at the time of sentencing that his sentence included a period of PRS. The court had defendant produced so it could formally pronounce the PRS component. On July 5, 2007, in open court, the court orally informed defendant, who was represented by counsel, that his sentence included a five-year period of PRS (*see People v Sparber*, 10 NY3d 457, 471 [2008]; *People v Edwards*, 62 AD3d 467 [2009]).

Defendant now appeals from the resentencing proceeding and maintains that the court lacked jurisdiction, that he was deprived of due process and that he was subject to double jeop-

ardy.* As a remedy, defendant asks that the PRS component of his sentence be excised. Defendant's request is academic because, by the time this appeal was heard, he had already completed his term of PRS. Thus, there is no remaining sentence for defendant to serve and nothing for this Court to excise. In any event, this Court, in other similar PRS appeals, has rejected these legal arguments (*see People v Rodriguez*, 60 AD3d 452 [2009]; *People v Lewis*, 60 AD3d 425 [2009]; *People v Hernandez*, 59 AD3d 180 [2009]; *People v Williams*, 59 AD3d 172 [2009]).

Defendant does not contend that the court erred in any other respect during the resentencing proceeding. Rather, he argues that this Court, on an appeal from the resentence, must vacate his January 2000 plea because the court failed to apprise him of the PRS aspect of his sentence when the plea was taken (*see People v Catu*, 4 NY3d 242 [2005]). We conclude that defendant's belated attacks on the plea proceeding are not properly before us. CPL 450.30 (3) provides that "[f]or purposes of appeal, the judgment consists of the conviction and the original sentence only, and when a resentence occurs more than thirty days after the original sentence, a defendant who has not previously filed a notice of appeal from the judgment may not appeal from the judgment, but only from the resentence." In *People v DeSpirito* (27 AD3d 479 [2006]), the Second Department applied this statutory provision and rejected a *Catu* claim raised on an appeal from a resentence. The court held that the defendant's challenge to his guilty plea on the ground that he was not advised that he would be subject to PRS is not reviewable on an appeal only from the resentence. We reach the same conclusion here.

In cases outside of the *Catu* context, we have consistently held to the view that a defendant's failure to timely appeal from the underlying judgment jurisdictionally forecloses any challenge to the plea proceeding on an appeal from a resentence (*see People v McMillan*, 228 AD2d 166 [1996], *lv denied* 88 NY2d 1070 [1996]; *People v Lugo*, 176 AD2d 177 [1991]; *see also People v Quinones*, 22 AD3d 218 [2005], *lv denied* 6 NY3d 817 [2006]; *People v Ramirez*, 5 AD3d 102 [2004], *lv denied* 2 NY3d 805 [2004]; *People v Williams*, 192 AD2d 322 [1993]). The other three Departments of the Appellate Division have come to the

---

* Although the sentencing court indicated that it was denying defendant's 440.20 motion, it granted relief to the extent of pronouncing the PRS portion of the sentence. Defendant did not seek leave to appeal from the denial of his 440.20 motion, and his time to appeal from the original judgment has long expired.

same conclusion (*see People v Ferrufino*, 33 AD3d 623 [2006], *lv denied* 7 NY3d 901 [2006]; *People v Satiro*, 28 AD3d 497 [2006]; *People v Pittman*, 17 AD3d 930 [2005], *lv denied* 5 NY3d 767 [2005]; *People v Main*, 213 AD2d 981 [1995], *lv denied* 85 NY2d 976 [1995]), and we see no reason to depart from these holdings and apply a different rule here.

*People v Louree* (8 NY3d 541 [2007]), relied on by defendant, does not require a contrary result. In *Louree*, the Court of Appeals held that a defendant may raise a *Catu* violation on direct appeal, even in the absence of a postallocution motion. However, this is not a direct appeal of the judgment and in fact, defendant never took such an appeal. We do not read *Louree* as requiring this Court to ignore the statutory limits of appellate jurisdiction contained in CPL 450.30 (3) and the prior opinions of the Appellate Division construing this statute. Nor are there any other post-*Catu* Court of Appeals cases, or decisions from this Court, that would require us to grant the relief defendant seeks in the procedural context presented here. To do so would violate the well-settled principle that no appeal lies from an order arising out of a criminal proceeding absent specific statutory authorization in the CPL (*see People v Stevens*, 91 NY2d 270, 277 [1998]; *People v Santos*, 64 NY2d 702, 704 [1984]). Concur—Andrias, J.P., Buckley, Moskowitz, DeGrasse and Richter, JJ.