[891 NYS2d 223]

THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDUARDO PAM-
BLANCO, Petitioner, v WARDEN, RIKERS ISLAND CORRECTIONAL
FACILITY, et al., Respondents.

Supreme Court, Bronx County, August 6, 2009

**APPEARANCES OF COUNSEL**

*Legal Aid Society*, New York City (*Elon Harpaz* of counsel), for petitioner. *Robert T. Johnson, District Attorney*, Bronx (*Dana Levin* of counsel), for respondents.

**OPINION OF THE COURT**

RICHARD LEE PRICE, J.

The People move for leave to renew their application seeking reimposition of a period of postrelease supervision to defendant's original six-year sentence determinate term of imprisonment based upon a change in the governing authority. Defendant cross-moves for dismissal of the People's motion on the grounds that since an appeal of this court's decision vacating his sentence and resentencing him without a period of postrelease supervision is unauthorized pursuant to CPL 450.20 (6), they are not entitled to renew.

Procedural History

On November 27, 2001, defendant pleaded guilty to robbery in the first degree, for displaying what appeared to be a firearm while forcibly stealing a motor vehicle and the accompanying keys. On December 13, 2001, defendant was sentenced to a six-year determinate term of imprisonment. The New York State Department of Correctional Services (DOCS) released the defendant to the Division of Parole (Division) on March 12, 2007 to begin a term of postrelease supervision (PRS), as required by Penal Law § 70.45. On April 10, 2008, the defendant was arrested and incarcerated for allegedly violating the conditions of his PRS. The Division requested that the court resentence the defendant on his first-degree robbery conviction by adding a period of PRS to defendant's sentence in accordance with the Court of Appeals determination in *People v Sparber* (10 NY3d 457 [2008]). On June 16, 2008, this court resentenced the defendant to a 2½-year term of PRS, nunc pro tunc, to the six-year term originally imposed. On June 20, 2008, the defendant moved to reargue his resentencing, claiming that this court lacked jurisdiction because he had completed his six-year sentence. The defendant argued that resentencing him to a term of PRS violated his right to due process pursuant to both the federal and state constitutions in that he enjoyed a reasonable expectation of finality and the prohibition against double jeopardy. By decision dated November 28, 2008, this court granted defendant's motion, thus vacating his resentence and removing the PRS on the basis that "it exceeded its authority when it resentenced [defendant] to the two-and-a-half year period of PRS, *nunc pro tunc*," and "violated [defendant's] constitutional right against double jeopardy and due process."[1]

On June 24, 2009, this court issued an interim decision finding, as indicated below, that while the First Department recently ruled that a court does indeed have the authority to resentence

---

1. *See* decision and order dated November 28, 2008.

the defendant to a term of PRS, oral argument was warranted to consider defendant's novel theory that the People are procedurally barred from moving to renew because CPL 450.20 (6) does not authorize them to appeal this court's November 28, 2008 decision (in which this court originally held that it lacked the inherent power to resentence defendant to a term of PRS). After reviewing the motion papers, papers on file with the court, prior court proceedings, and considering the parties' oral argument held on July 8, 2009, the People's motion to renew is granted. Defendant's cross motion to dismiss is denied.

People's Motion to Renew

■ On December 15, 2008, the People timely filed a notice of appeal pursuant to CPL 450.20 (6), which provides that the People may take an appeal as a matter right from an order "entered pursuant to section 440.20, setting aside a sentence other than one of death." Also on December 15, 2008, the People moved for leave to renew the Division's application, asking this court to reimpose a period of PRS to defendant's sentence. It must be noted at the outset, however, that while the CPL does not provide for such motions, the CPLR does.[2] CPLR 2221 (e) provides as follows:

"(e) A motion for leave to renew:

"1. shall be identified specifically as such;

"2. shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination; and

"3. shall contain reasonable justification for the fail-

---

2. Because the CPL does not provide for such motions, the court is constrained to look to the CPLR for guidance. The court notes, however, that in *People v Silva* (122 AD2d 750 [1986]), the First Department opined that the CPLR has "no application to criminal actions and proceedings." In *Silva* though, defendants' motion to set aside the verdict was made orally and the court ruled orally on the record. Defendants' claim that the appeal was "procedurally flawed" pursuant to CPLR 2220 because defendants' counsel was not served with copies of the orders was held invalid since the People are not required to serve a written order as a prerequisite to an appeal where the order has been entered on the record (i.e., orally). Since then, however, several courts have determined, as this court does, that where there are no applicable provisions in the CPL concerning the issue at hand, those provisions of the CPLR which do address the issue may be applied in a criminal action (*see e.g. People v Davis*, 169 Misc 2d 977 [Westchester County Ct 1996, Leavitt, J.]; *People v Radtke*, 153 Misc 2d 554 [Sup Ct, Queens County 1992, Goldstein, J.]; *People v Cortez*, 149 Misc 2d 886 [Crim Ct, Kings County 1990, Stallman, J.]).

ure to present such facts on the prior motion."

As stated, CPLR 2221 (e) (2) requires that a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination." Here, the People argue that their motion for leave to renew should be granted because the First Department's decisions in *People v Hernandez* (59 AD3d 180 [1st Dept 2009]) and *People v Williams* (59 AD3d 172 [1st Dept 2009]) represent a change in the law that surely would have changed this court's determination vacating defendant's resentence and removing the PRS.

Of notable interest is that both *Hernandez* and *Williams* were decided after the enactment of Correction Law § 601-d, which provides in pertinent part:

"1. . . . [A] person shall be deemed a 'designated person' if the commitment order that accompanied such person does not indicate imposition of any term of post-release supervision . . .

"2. Whenever it shall appear to the satisfaction of the department that an inmate in its custody, or to the satisfaction of the division of parole that a releasee under its supervision, is a designated person, such agency shall make notification of that fact to the court that sentenced such person, and to the inmate or releasee . . .

"4. . . .

"(c) The court shall commence a proceeding to consider resentence no later than thirty days after receiving notice pursuant to subdivision two of this section . . .

"8. Nothing in this section shall affect the power of any court to hear, consider and decide any petition, motion or proceeding pursuant to article four hundred forty of the criminal procedure law."

The People contend that *Hernandez* and *Williams* flow from the authority granted to the court by Correction Law § 601-d. In *Hernandez* (59 AD3d at 181), the First Department unanimously affirmed the defendant's resentencing, holding that the trial court "clearly acted under the authority granted to it by the Legislature when it enacted Correction Law 601-d" and rejected defendant's claim that his resentencing exceeded the court's authority to correct an illegal sentence. Indeed, the *Hernandez* court found that the defendant clearly understood PRS

was a component of his sentence since he had served three years of it before being resentenced. Accordingly, the court had no difficulty holding that defendant could not possibly have had a legitimate expectation of finality from an illegal sentence. The *Hernandez* court also rejected defendant's double jeopardy and due process claims (*People v Hernandez*, 59 AD3d 180 [1st Dept 2009]; *see also People v Williams*, 59 AD3d 172 [1st Dept 2009] [holding that resentencing to include a term of PRS does not constitute double jeopardy]).

This court recognizes, as do the People, that *Hernandez* and *Williams* make clear that trial courts retain the authority to resentence defendants to a term of PRS after the completion of their prison terms without violating the principles of double jeopardy and due process even where, as here, the defendant completed the imposed determinate six-year prison term, had been released to the Division and was serving the PRS at the time of resentencing, and it was mentioned when defendant entered his guilty plea. As noted above, after resentencing the defendant to include a $2^1/_2$-year term of PRS, this court granted defendant's motion to reargue, which vacated defendant's resentence and removed the PRS. Accordingly, this court agrees that *Hernandez* and *Williams* constitute a change in the law such that if they had been decided prior to this court's decision vacating defendant's resentencing and removing the $2^1/_2$-year PRS period, it would certainly have changed that determination. This by itself, however, does not necessarily entitle the People to leave to renew.

Defendant's Cross Motion to Dismiss

Defendant cross-moves for dismissal of the People's motion on the grounds that an appeal of this court's decision vacating his sentence and resentencing him without a period of post-release supervision is unauthorized pursuant to CPL 450.20 (6). The gravamen of defendant's argument is that the People are procedurally barred from moving to renew because CPL 450.20 (6) does not authorize them to appeal this court's decision that it lacked the inherent power to resentence defendant to a term of PRS. Ergo, if there is no right to appeal, there is no right to move to renew. Specifically, defendant claims that CPL 450.20 (6), the law under which the People filed their appeal, "gives the People the right to appeal from an order granting the defendant's motion pursuant to CPL 440.20." Defendant postulates that because "the proceeding by which this matter originally came to the court's attention . . . never was and is

not now a CPL 440.20 motion," the People have no procedural ability to properly appeal the court's decision pursuant to CPL 450.20 (6).

Defendant further argues that chapter 141 of the Laws of 2008, which enacted Correction Law § 601-d, omits any procedural authority to appeal a judge's decision not to resentence a defendant to postrelease supervision. According to the defendant, such an omission is significant because CPL 440.40, the procedural mechanism that permits the People to move for resentencing where an unauthorized sentence was imposed, specifically provides the People with one year to appeal a sentence as illegally imposed. Defendant reasons that if after one year, the People no longer are entitled to appeal an unauthorized sentence, section 601-d cannot possibly be read as providing the People with the right to appeal a court's decision not to impose postrelease supervision since it is likely that such a decision would have been made years after the original sentencing. To do otherwise, defendant claims, would revive the People's expired right to challenge an illegal sentence years after the one-year limitation.

In opposing defendant's motion, the People claim that defendant's analysis is nothing more than "an attempt to assert form over substance," since it presents a "classic CPL 440.20 scenario." The defendant, according to the People, filed a motion in which he claims the imposition of his sentence was unlawful. Strenuously arguing, the People claim:

"[The] defendant labeled his original motion 'Reargument of Resentencing Decision' . . . [which] is nothing more than semantic wordplay, and a transparent attempt to avoid calling it a motion to vacate a sentence pursuant to CPL § 440.20. The decision to avoid calling it a CPL § 440.20 motion was evidently done so that, if this Court were to vacate the sentence imposed on defendant on June 16, 2008, he could make the very argument he is making now, namely that the People have no appellate remedy."

This court appreciates the intricacy and ingenuity of defendant's argument but finds its persuasiveness elusive. CPLR 2221 (d) (2) provides that a motion to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion." In his motion dated June 20, 2008, the defendant

moved to reargue his resentencing, claiming that this court lacked jurisdiction because he had completed his six-year sentence. At the time defendant filed that motion, however, the constitutionality of such resentencing was unclear. While this court ultimately ruled in favor of the defendant, Correction Law § 601-d had not been enacted and neither *People v Hernandez* (59 AD3d 180 [2009]) nor *People v Williams* (59 AD3d 172 [2009]) had been decided. This court's decision to resentence the defendant to a term of PRS, therefore, in no way constitutes a misapprehension of law.

More significantly, this court notes that defendant's motion to reargue was filed in response to this court's having resentenced him, not in response to a previously filed motion. Accordingly, this court believes that what the defendant effectively did was move to set aside an illegally imposed sentence. A CPL 440.20 motion permits the defendant, at any time after the entry of a judgment, to request from the court in which the judgment was entered to set aside the sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law. This is what the defendant essentially did. Subsequent to this court having resentenced him to an additional 2½-year term of PRS, defendant contested the sentence as being illegally imposed. This is, in sum and substance, a motion to vacate a sentence pursuant to CPL 440.20.

CPL 450.20 (6), the law under which the People filed their appeal, "gives the People the right to appeal from an order granting the defendant's motion pursuant to CPL 440.20." Having determined that the defendant's motion was for all intents and purposes a CPL 440.20 motion, the People are not procedurally barred from appealing this court's November 28, 2008 decision vacating the defendant's term of PRS.

Finally, defendant acknowledges that if the People are not procedurally barred from appealing this court's decision, they would then be entitled to move for renewal. He argues, however, that since a motion to renew may not substitute for an appeal, it must first be determined whether the People timely filed a notice to appeal. Here, defendant concedes the People indeed filed a timely notice of appeal on December 15, 2008, thus paving the way for this court to entertain their motion to renew. Accordingly, the People's request for leave to renew is granted. After having considered the cogently presented arguments, this court orders that the defendant be produced and resentenced to

a $2^1/_2$-year term of PRS. While this court is mindful, and not entirely unsympathetic, to the judiciousness of reimposing a term of PRS after previously imposing and vacating it, such judiciousness requires that a court adhere to the law as it is, not as it desires it to be. The law as it currently stands is that Correction Law § 601-d and the First Department's rulings in *Hernandez* and *Williams* make such resentencing appropriate. And, notwithstanding the unique procedural history, the nature and circumstances of this case as well as the defendant's criminal history outweigh any resulting burden on him as a consequence of this decision.

The People's motion to renew is therefore granted in all respects and defendant's cross motion to dismiss is denied in its entirety.