Judgment of resentence, Supreme Court, New York County (Charles J. Tejada, J.), rendered June 27, 2008, resentencing defendant, as a second felony offender, to concurrent terms of 14 years and 31h to 7 years with five years’ postrélease supervision, unanimously affirmed.
The court properly resentenced defendant to comply with the requirement that a term of postrelease supervision be part of the court’s oral pronouncement of sentence. Defendant’s challenges to his resentencing are similar to arguments rejected by this Court in People v Hernandez (59 AD3d 180 [2009], lv granted 12 NY3d 817 [2009]). In addition, since defendant was resentenced while still serving his prison sentence, his claim that he had a legitimate expectation of finality in his original defective sentence is even weaker than the argument made in *583 Hernandez. We also note that defendant was one of the defendants in People v Sparber (10 NY3d 457 [2008]), and his resentencing for the purpose of orally imposing postrelease supervision was expressly mandated by the Court of Appeals.
To the extent defendant is requesting a reduction of his prison sentence as a matter of discretion in the interest of justice, we find that request both procedurally improper on the present appeal and without merit. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Renwick and Richter, JJ.