■ The People of the State of New York, Respondent, v Clyde R. Thomas, Appellant. [887 NYS2d 730]—

Kane, J. Appeal from a judgment of the County Court of St. Lawrence County (Rogers, J.), rendered September 10, 2008, which resentenced defendant following his conviction of the crime of assault in the second degree.

In September 1999, County Court (Nicandri, J.) sentenced defendant, as a second violent felony offender, to a 6½-year prison term following his conviction of assault in the second degree.* Although a five-year period of postrelease supervision was a mandatory component of defendant's sentence (*see* Penal Law § 70.00 [6]; § 70.45 [1]), the court made no mention of postrelease supervision during sentencing. Instead, the Department of Correctional Services (hereinafter DOCS) administratively imposed such a period on defendant prior to his conditional release from prison in April 2006. Approximately two years later, defendant violated the terms of his release and was returned to DOCS's custody, at which time DOCS informed the court that defendant was a "designated person" within the meaning of Correction Law § 601-d. Pursuant to that statute, County Court (Rogers, J.) vacated defendant's original sentence and resentenced defendant to a 6½-year prison term followed by five years of postrelease supervision. Defendant now appeals. We affirm.

Although the Court of Appeals recently held that DOCS has

---

* Defendant was actually convicted of two counts of assault in the second degree. This Court reduced one count to attempted assault in the second degree and the associated sentence was modified to a term of 2 to 4 years, consecutive to the other sentence (274 AD2d 761 [2000], *lv denied* 95 NY2d 939 [2000]). Neither defendant's conviction for attempted assault nor the sentence imposed thereon is a subject of this appeal.

no authority to impose a period of postrelease supervision (*see Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358, 360 [2008]), it also held that the failure of a sentencing court to impose such a mandatory period is a procedural error which can be rectified through resentencing in the appropriate forum (*see People v Sparber*, 10 NY3d 457, 471 [2008]). Thereafter, the Legislature enacted Correction Law § 601-d, which "provid[es] a procedural framework for the identification and resentencing of those defendants whose convictions required a mandatory [postrelease supervision] component that had not been imposed by the sentencing court" (*People v Hernandez*, 59 AD3d 180, 181 [2009], *lv granted* 12 NY3d 817 [2009]). The Legislature intended the statute to apply to individuals, such as defendant, who were in the custody of DOCS as a result of violating a provision of the administratively imposed postrelease supervision period at the time of their resentencing (*see* Senate Introducer Mem in Support, 2008 NY Senate Bill S8714, at 4, reprinted in 2008 McKinney's Session Laws of NY, at 1818, 1820).

Against this background, we observe that the sole, limited purpose of Correction Law § 601-d is to remedy the failure of certain trial courts to attach mandatory postrelease supervision periods to determinate sentences as required by law (*see* Penal Law § 70.45 [1]). The statute does not violate the principles of due process, nor does the imposition of a period of postrelease supervision that is required by law offend fundamental notions of fairness (*see People v Hernandez*, 59 AD3d at 182). Accordingly, as County Court resentenced defendant to the original 6¹/₂-year prison term followed by the required five-year period of postrelease supervision, we affirm.

Rose, J.P., Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.