THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD THOMAS, Appellant. [890 NYS2d 532]—

The court properly resentenced defendant to comply with the requirement that a term of postrelease supervision (PRS) be part of the court's oral pronouncement of sentence (*see People v Sparber*, 10 NY3d 457 [2008]). The resentencing was not untimely under Correction Law § 601-d (4) (d), because defendant's attorney consented to adjournments of the proceedings so that defendant could be produced. We reject defendant's argument that by providing that "[t]he designated person may, with counsel, knowingly consent to extend the time periods specified in paragraphs (c) and (d) of this subdivision," Correction Law § 601-d (4) (e) requires a defendant's personal consent. There is nothing in that language, or elsewhere, to suggest that the Legislature intended to add to the very narrow category of fundamental decisions to be made by a defendant personally (*see People v Ferguson*, 67 NY2d 383, 390 [1986]). In particular, "[s]cheduling matters are plainly among those for which agree-

ment by counsel generally controls" (*New York v Hill*, 528 US 110, 115 [2000]).

In any event, we also conclude that when a resentencing does not comply with the time limits set forth in Correction Law § 601-d (4) (c) or (d), this does not entitle a defendant to have PRS removed from the sentence. These time limits do not affect a court's inherent power to correct its error in sentencing (*see* Correction Law § 601-d [8]; *People v Pelsey*, 25 Misc 3d 1205[A], 2009 NY Slip Op 51979[U], *3 [Sup Ct, Queens County 2009]; *see also People v Sparber*, 10 NY3d at 471-472).

Defendant failed to preserve his claims that the court lacked authority and jurisdiction to correct his sentence and that double jeopardy and due process protections rendered his resentencing unconstitutional, and we decline to review them in the interest of justice (*see People v Rodriguez*, 60 AD3d 452 [2009], *lv granted* 12 NY3d 928 [2009]). As an alternative holding, we find them without merit (*see People v Hernandez*, 59 AD3d 180 [2009], *lv granted* 12 NY3d 817 [2009]). Concur—Mazzarelli, J.P., Andrias, Saxe, Catterson and Acosta, JJ.