■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY CHANDLER, Appellant. [895 NYS2d 566]—

Stein, J. Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered February 13, 2009, which resentenced defendant following his conviction of the crime of burglary in the second degree.

In April 2000, defendant was sentenced to a 10-year prison term following his conviction by a jury of burglary in the second degree, a class C violent felony (*see* Penal Law § 70.02 [1] [b]). Although such sentence was required by law to include a period of postrelease supervision (*see* Penal Law § 70.45 [1]), County

Court (Eidens, J.) made no mention of such a period during sentencing. Consequently, in 2008, after defendant had been released to parole supervision, the Division of Parole informed County Court that defendant was a "designated person" within the meaning of Correction Law § 601-d. Pursuant to that statute, County Court resentenced defendant to 10 years in prison followed by five years of postrelease supervision. Defendant appeals.

We affirm. Under circumstances similar to those presented here, the Court of Appeals has recently held that the failure of a sentencing court to impose a mandatory period of postrelease supervision is a procedural error that can be easily corrected at a resentencing hearing (*see People v Sparber*, 10 NY3d 457, 471-472 [2008]). In response to that decision, the Legislature enacted Correction Law § 601-d, which "provid[es] a procedural framework for the identification and resentencing of those defendants whose convictions required a mandatory [postrelease supervision] component that had not been imposed by the sentencing court" (*People v Hernandez*, 59 AD3d 180, 181 [2009], *lv granted* 12 NY3d 817 [2009]; *accord People v Thomas*, 66 AD3d 1244, 1245 [2009]). Contrary to his assertion, defendant is a "designated person" within the meaning of that statute; he received a determinate sentence in 2000 for which he remained under parole supervision, and neither the original sentencing minutes nor defendant's commitment order indicate the imposition of a postrelease supervisory period (*see* Correction Law § 601-d [1]). Accordingly, County Court properly resentenced defendant to the originally imposed 10-year prison term followed by five years of postrelease supervision (*see People v Thomas*, 66 AD3d at 1245).

We are similarly unpersuaded by defendant's claim that his resentencing subjected him to double jeopardy. Indeed, "defendant could not have had a legitimate expectation in the finality of a sentence that is manifestly contrary to law" (*People v Hernandez*, 59 AD3d at 181). Defendant's remaining contentions have been reviewed and are determined to be without merit.

Cardona, P.J., Peters, Spain and Garry, JJ., concur. Ordered that the judgment is affirmed.