# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**1376**

**KA 10-01963**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

RALIK BAILEY, DEFENDANT-APPELLANT.

---

NORMAN P. EFFMAN, PUBLIC DEFENDER, WARSAW (GREGORY A. KILBURN OF COUNSEL), FOR DEFENDANT-APPELLANT.

DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (VINCENT A. HEMMING OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wyoming County Court (Mark H. Dadd, J.), rendered July 29, 2010. The judgment convicted defendant, upon a nonjury verdict, of assault in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a nonjury trial of two counts of assault in the second degree (Penal Law § 120.05 [3]), defendant contends that he was deprived of his right to testify before the grand jury (see CPL 190.50). We reject that contention. Approximately three months after defendant was involved in an altercation with correction officers at Attica Correctional Facility and before any criminal charges were filed against him, defendant was visited at another correctional facility by a police investigator who attempted to interview him about the altercation at Attica. Defendant told the investigator, "I have nothing to say at this time. Also at this time I request an attorney and to be present at any criminal proceedings or hearings if any take place." An indictment was later filed against defendant, charging him with various crimes arising from the incident at Attica, including the two counts of felony assault of which he was later convicted. It is undisputed that defendant was not advised of the grand jury presentation and thus did not testify before the grand jury.

CPL 190.50 (5) (a) provides a defendant with the right to testify before the grand jury "if, prior to the filing of any indictment . . . in the matter, he serves upon the district attorney of the county a written notice making such request. . . ." "In order to preserve his or her statutory pretrial rights, including the right to testify before the [g]rand [j]ury, a defendant must assert them 'at the time and in the manner that the Legislature prescribes' " (*People v Green*,

187 AD2d 528, *lv denied* 81 NY2d 840, quoting *People v Lawrence*, 64 NY2d 200, 207).  The requirements of CPL 190.50 are to be "strictly enforced" (*People v Madsen*, 254 AD2d 152, 153, *lv denied* 92 NY2d 1035; *see People v Yon*, 300 AD2d 1127, *lv denied* 99 NY2d 621).  Here, we conclude that defendant's statement to the police investigator was not sufficient to invoke his right to testify before the grand jury under CPL 190.50.  The statement was not in writing, it was not served upon the District Attorney, and defendant merely asserted that he wished to be present at any proceedings but did not expressly request to testify before the grand jury.  In addition, because defendant was not arraigned "in a local criminal court upon a currently undisposed of felony complaint" (CPL 190.50 [5] [a]), the People had no obligation to inform defendant of the grand jury presentation (*see People v Mathis*, 278 AD2d 803, *lv denied* 96 NY2d 785).

We also reject defendant's contention that the verdict is against the weight of the evidence based on inconsistencies in the testimony of the various correction officers who testified against him at trial. Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), and affording appropriate deference to the court's credibility determinations (*see People v Hill*, 74 AD3d 1782, *lv denied* 15 NY3d 805), we conclude that those inconsistencies are not so substantial as to render the verdict against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  Finally, although the appeal by defendant from the judgment convicting him of the predicate conviction upon which his adjudication as a second felony offender is based remains pending, we nevertheless reject his contention that the court could not use that conviction as the basis for that adjudication.  In the event that the judgment is reversed on appeal, defendant may then move to set aside his sentence herein pursuant to CPL 440.20 (*see People v Main*, 213 AD2d 981, *lv denied* 85 NY2d 976).

Entered:  December 30, 2011                    Frances E. Cafarell
                                               Clerk of the Court