■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROY LEE ELLIOTT, Respondent. [939 NYS2d 721]—

Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), entered July 6, 2011, which resentenced defendant following his conviction of the crimes of attempted assault in the first degree, assault in the second degree, criminal possession of a weapon in the third degree (two counts) and unlawful imprisonment in the first degree.

Following an incident of domestic violence, defendant was convicted by a jury of attempted assault in the first degree, assault in the second degree, two counts of criminal possession of a weapon in the third degree and unlawful imprisonment in the first degree. He was thereafter sentenced, as a second felony offender, to an aggregate prison term of 15 years. This Court af-

firmed the conviction on appeal (305 AD2d 704 [2003], *lv denied* 100 NY2d 594 [2003]). Subsequently, defendant was identified as a "designated person" pursuant to Correction Law § 601-d (1) because a mandatory period of postrelease supervision was not included in his original determinate sentences. Upon resentencing, County Court refused to impose a period of postrelease supervision as part of defendant's sentence. The People now appeal.

We reverse. Pursuant to Penal Law § 70.45 (1), when a court imposes a determinate sentence, it is required to also impose an additional period of postrelease supervision (*see People v Sparber*, 10 NY3d 457, 469-470 [2008]). If the sentencing court fails to do so initially, it is required to vacate the sentence and resentence the defendant with the appropriate period of postrelease supervision (*see People v Sparber*, 10 NY3d at 471; *People v Chandler*, 70 AD3d 1128, 1129 [2010]). Inasmuch as this process is for the specific purpose of correcting a procedural error, it is not a plenary proceeding and resentencing is limited to adding the appropriate mandatory period of postrelease supervision (*see People v Lingle*, 16 NY3d 621, 634-635 [2011]; *People v DeJesus*, 84 AD3d 832 [2011], *lv denied* 17 NY3d 815 [2011]; *see generally People v Lakatosz*, 89 AD3d 1329, 1330 [2011]).

Mercure, A.P.J., Lahtinen, Spain, Stein and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision.