Stein, J.
Appeal from a judgment of the County Court of Broome County (Cerio, J.), rendered October 23, 2009, which resentenced defendant following his conviction of the crime of assault in the second degree (two counts).
In May 2009, defendant was convicted after a jury trial of two counts of assault in the second degree and was sentenced, as a second felony offender, to two concurrent prison terms of 4V2 years followed by three years of postrelease supervision. Subsequently, the Department of Corrections and Community Supervision informed County Court that it had failed to impose the statutorily required period of postrelease supervision for defendant’s sentence (see Penal Law § 70.00 [6]; § 70.45 [2]). Accordingly, in October 2009, defendant was resentenced to the same term of imprisonment and a five-year term of postrelease supervision. Defendant now appeals from the October 2009 judgment resentencing him.
Where “a resentence occurs more than [30] days after the original sentence, a defendant who has not previously filed a notice of appeal from the judgment may not appeal from the judgment, but only from the resentence” (CPL 450.30 [3]). Here, although defendant challenges the propriety of the original judgment of conviction rendered in May 2009, the record shows that he has explicitly appealed only from the October 2009 judgment resentencing him. Inasmuch as there is no indication that defendant ever filed a notice of appeal from the May 2009 judgment of conviction, defendant is jurisdictionally foreclosed from raising issues related to such conviction (see People v Jordan, 65 AD3d 428, 428-430 [2009], affd 16 NY3d 845 [2011]; People v Lett, 42 AD3d 970, 970 [2007], lv denied 9 NY3d 962 [2007]). Because defendant’s challenges to the original conviction are not properly before this Court and he has not raised any argument with regard to his resentencing (compare People v Franklin, 95 AD3d 1591 [2012]), the judgment is affirmed.
Peters, P.J., Mercure, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.