# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**711**

**KA 11-01990**

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

JAMAR JONES, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

JAMAR JONES, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Erie County Court (Michael F. Pietruszka, J.), rendered August 31, 2011. Defendant was resentenced upon his conviction of attempted assault in the first degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: In November 1999, defendant entered an *Alford* plea to attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [former (4)]), in satisfaction of an indictment charging him with assault in the first degree (§ 120.10 [1]) and criminal use of a firearm in the first degree (§ 265.09 [1] [a]). The period of postrelease supervision mandated by Penal Law § 70.45 was not mentioned during the plea colloquy or at sentencing, nor did County Court impose a period of postrelease supervision at sentencing. In 2011, the New York State Department of Correctional Services informed the court that defendant was a "designated person" within the meaning of Correction Law § 601-d (1), and sought resentencing of defendant "because a mandatory period of postrelease supervision was not included in his original determinate sentences" (*People v Elliott*, 93 AD3d 957, 958).

At the beginning of the resentencing proceeding, defense counsel indicated that defendant wished to withdraw his plea, and requested an adjournment to permit him to make such a motion. The court granted that request, along with a subsequent request for an additional adjournment, granted defendant's first motion for substitution of counsel, and permitted oral argument of defendant's motion to withdraw

his plea.  The court then denied defendant's second request for substitution of counsel and, with the People's consent, resentenced defendant to the original sentence without a period of postrelease supervision.  Contrary to defendant's contention in his pro se supplemental brief, we conclude that he was not entitled to withdraw his plea "inasmuch as the court properly resentenced defendant pursuant to Penal Law § 70.85" (*People v Williams*, 82 AD3d 1576, 1577-1578, *lv denied* 17 NY3d 810).

We reject defendant's further contention in his pro se brief that the court erred in denying his second request for substitution of counsel.  Defendant's disagreements with counsel over strategy did not establish the requisite good cause for substitution of counsel (*see People v Medina*, 44 NY2d 199, 208-209; *see generally People v Sides*, 75 NY2d 822, 824).  Defendant's contention that he did not have time to consult with new counsel prior to the argument of his motion to withdraw the plea is belied by the record.  Contrary to defendant's contention in his main brief, the court did not abuse its discretion in denying defense counsel's request for a third adjournment of the resentencing proceeding (*see People v Ippolito*, 242 AD2d 880, 880-881, *lv denied* 91 NY2d 874; *see also People v Brown*, 101 AD3d 1627, 1628).  We have reviewed defendant's remaining contention in his pro se supplemental brief and conclude that it is without merit.

Entered:  June 14, 2013                          Frances E. Cafarell
                                                 Clerk of the Court