(December 12, 2013)

██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HENRIQUEZ, Appellant. [976 NYS2d 416]—

Stein, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered November 8, 2010, which resentenced defendant following his conviction of the crime of promoting prison contraband in the first degree.

In 2000, defendant was convicted, after a jury trial, of promoting prison contraband in the first degree and was thereafter sentenced as a second felony offender to a prison term of $2^{1}/_{2}$ to 5 years, to run consecutively to his existing sentence of 25 years to life. Upon a motion filed by defendant in March 2001 pursuant to CPL 460.30, this Court extended defendant's time to file a notice of appeal until May 7, 2001. However, a notice of appeal was not filed in accordance with that order. Approximately eight years later, defendant again moved this Court for additional time to take his appeal claiming, among other things, that his circumstances while incarcerated had prevented him from being able to file a notice of appeal. Ultimately, this Court denied that motion (2009 NY Slip Op 73109[U]).

Defendant thereafter brought an application in County Court to vacate his conviction pursuant to CPL article 440. In an at-

tempt to reinstate defendant's time to take a direct appeal from his conviction, County Court vacated defendant's sentence thereon and resentenced him to the identical sentence that was originally imposed, implicitly denying his CPL article 440 application.[1] Defendant now appeals from the resentence,[2] and we affirm.

In his counsel's brief, as well as his pro se brief, defendant advances various challenges to the underlying conviction, but none as to the resentence. It is axiomatic that, "when a resentence occurs more than thirty days after the original sentence, a defendant who has not previously filed a notice of appeal from the judgment may not appeal from the judgment, but only from the resentence" (CPL 450.30 [3]; *see People v Syville*, 15 NY3d 391, 399 [2010]; *People v McBryde*, 96 AD3d 1085, 1086 [2012]). Thus, the claims asserted by defendant with respect to his underlying conviction are not properly before us (*see* CPL 450.30 [3]; *People v Jordan*, 16 NY3d 845, 846 [2011]; *People v McBryde*, 96 AD3d at 1086).[3]

Rose, J.P., Spain and Garry, JJ., concur. Ordered that the judgment is affirmed.

1. The People did not object to this procedure.

2. After County Court vacated his original sentence, defendant also moved to vacate the judgment pursuant to CPL article 330. County Court denied that application and this Court denied defendant's application for leave to appeal from that order (2011 NY Slip Op 83086[U]).

3. We note that the procedure employed by County Court here was previously used in order to afford a defendant an opportunity to file a notice of appeal when his or her attorney failed to timely do so and was necessary when a defendant had no avenue of relief to address such a failure (*see People v Montgomery*, 24 NY2d 130 [1969]; Peter Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 460.30 at 327). However, with the enactment of CPL 460.30, a defendant may now seek additional time to file a notice of appeal, thus "eliminat[ing] the need for resentencing as a basis to extend the time for timely filing a notice of appeal" (*People v Syville*, 15 NY3d at 399). Recognizing that an application under CPL 460.30 (1) is only permissible within one year of the expiration of the time for taking an appeal and that, in certain instances, due process requires that a defendant be afforded an opportunity to challenge the underlying criminal conviction beyond that time period, the Court of Appeals has explained that such defendant may file an application to the appropriate appellate division for a writ of error coram nobis (*see People v Syville*, 15 NY3d at 399-400; *see also* Peter Preiser, 2011 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 460.30, 2013 Cum Pocket Part at 111-112).