OPINION OF THE COURT
Robert Charles Kohm, J.
Pursuant to CPL 440.20, the defendant has moved for an order vacating that portion of his resentencing by this court which, on December 14, 2009, imposed a five-year period of postrelease supervision (PRS) to his original sentence. The defendant’s application is predicated upon the Court of Appeals recent holding in People v Williams (14 NY3d 198 [2010]).
The People have submitted an affirmation in opposition.*
Findings of Fact
The underlying facts in this matter are not in dispute:
After a jury trial held before this court, the defendant was convicted of robbery in the first degree, robbery in the second degree (two counts), criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree, and unauthorized use of a motor vehicle in the third degree. On August 1, 2000, the defendant was sentenced as a second felony offender to concurrent determinate 10-year prison terms on each of the robbery counts and concurrent indeterminate prison terms of SVz to 7 years and IV2 to 3 years on the counts of criminal possession of stolen property in the third and fourth degrees, respectively; and he received a definite sentence of one year on the unauthorized use of a motor vehicle count. At the time of the defendant’s original sentencing, the court did not impose a period of PRS for any of the determinate sentences.
By decision and order dated November 24, 2003, the defendant’s conviction was affirmed by the Appellate Division, Second Department (People v Wells, 1 AD3d 621 [2003]). The defendant’s leave application to the Court of Appeals was denied on *630 February 3, 2004 (People v Wells, 1 NY3d 636 [2004, Kaye, Ch. J.]).
By letter dated August 27, 2009, the New York State Department of Correctional Services (DOCS) advised this court that the defendant was a “designated person” within the ambit of Correction Law § 601-d, which provides a procedural framework for the identification and resentencing of those defendants sentenced between September 1,1998 and June 30, 2008, whose convictions required a mandatory component of PRS that had not been imposed by the sentencing court.
Upon receipt of the letter from DOCS, the defendant’s case was calendared for October 2, 2009 for the purpose of resentencing. On that date, the defendant filed a motion arguing against the imposition of PRS on the grounds that he had “a legitimate expectation of finality” in the originally imposed sentence and that to now impose PRS would be violative of his double jeopardy and due process rights; in the alternative, the defendant moved for a lesser period of PRS than that statutorily mandated or for a reduction in the underlying sentence as an offset to any PRS imposed.
By memorandum decision and order dated December 14, 2009, this court denied the defendant’s motion finding that the defendant did not have a legitimate expectation of finality in the original sentence. The court’s reasoning was based upon multiple appellate level decisions which had uniformly held that since Penal Law § 70.45 (adopted as part of Jenna’s Law) directs that PRS is a mandatory component of all determinate prison sentences, a sentence imposed without PRS would be unauthorized and illegal; hence, a defendant could not have a legitimate expectation of finality in an illegal sentence. Accordingly, the court resentenced the defendant and imposed a five-year period of PRS.
On November 10, 2009, the defendant was conditionally released from prison. The maximum expiration date for the originally imposed sentence is April 16, 2011. The five-year period of PRS is not scheduled to expire until November 10, 2014.
Conclusions of Law
In Williams, the Court of Appeals considered the appeals of five similarly situated defendants: Williams, Lewis, Hernandez, Rodriguez and Echevarria. All had been convicted of violent felony offenses which required the mandatory imposition of PRS at the time of sentencing. However, in none of these cases *631 was PRS properly imposed at sentencing as per statute. Instead, PRS was subsequently added to each defendant’s sentence during resentencing procedures initiated after the sentencing courts had received written notices from DOCS that each of the defendants was a designated person pursuant to Correction Law § 601-d. Prior to the resentencing of the defendants, all had been conditionally released from prison having served six sevenths of their respective terms of imprisonment.
In holding for the defendants, the Court of Appeals (14 NY3d at 217) did recognize the general principle of law that “[s]o long as an illegal sentence is subject to correction, a defendant cannot claim a legitimate expectation that the originally-imposed, improper sentence is final for all purposes (see United States v Fogel, 829 F2d 77, 87).” Nevertheless, the court then decided that “there must be a temporal limitation on a court’s ability to resentence a defendant (see generally DeWitt v Ventetoulo, 6 F3d at 34-35) since criminal courts do not have perpetual jurisdiction over all persons who were once sentenced for criminal acts” (People v Williams at 217). More specifically, the Court of Appeals found that “[e]ven where a defendant’s sentence is illegal, there is a legitimate expectation of finality once the initial sentence has been served and the direct appeal has been completed (or the time to appeal has expired)” (id.). In those situations, the Court of Appeals held that “the Double Jeopardy Clause prohibits a court from resentencing [a] defendant to the mandatory term of PRS after [a] defendant has served the determinate term of imprisonment and has been released from confinement by DOCS” (id.).
There is a factual distinction between the instant matter and the consolidated appeals decided in Williams. At the time of their resentencings in Williams, all five of the defendants were beyond the maximum expiration dates of their originally imposed sentences. Here, the defendant’s maximum expiration date is not until April 16, 2011. The People argue that “imposition of PRS did not violate the defendant’s Double Jeopardy rights because it occurred before his original determinate sentence was complete and his legitimate expectation of finality had not attached under the Court of Appeals’ holding in Williams.”
The People’s reasoning appears to be based, in part, upon Penal Law § 70.45 (5) (a) which, in pertinent part, provides:
“A period of [PRS] shall commence upon the person’s release from imprisonment . . . and shall *632 interrupt the running of the determinate sentence . . . The remaining portion of any [sentence] . . . shall then be held in abeyance until the successful completion of the period of [PRS] or the person’s return to custody . . . whichever occurs first.”
Neither of the parties nor this court have been able to find any appellate decision which has spoken on this particular post-Williams issue; that is, is it permissible to impose PRS upon an individual who has been conditionally released from imprisonment having served his initial sentence and his direct appeal has been completed or the time to appeal has expired, but his maximum expiration date has not been reached? It is the opinion of this court that this defendant’s double jeopardy rights, as set forth under the Williams decision, indelibly attached on November 10, 2009, the date on which he was conditionally released from prison. Therefore, this court’s prior imposition of PRS during the defendant’s resentencing on December 14, 2009 was improper and must be vacated. (See People v Andujar, Sup Ct, Kings County, Mar. 30, 2010, indictment No. 8370/99.)
The language of Penal Law § 70.45 (5) (a), which interrupts the running of a determinate sentence pending the successful completion of PRS, is a mechanism designed to effectuate a return to imprisonment should a defendant violate or otherwise run afoul of his PRS conditions. As a procedural device its purpose is clear, but it cannot be allowed to serve as an impediment to a defendant’s right to due process and freedom from double jeopardy. As the Court of Appeals held in People v Catu (4 NY3d 242, 244 [2005]), PRS is “a direct consequence . . . which has a definite, immediate and largely automatic effect on [a] defendant’s punishment” (internal quotation marks omitted). For a “violation of a condition of [PRS] can result in reincarceration for at least six months and up to the balance of the remaining supervision period, not to exceed five years” (4 NY3d at 245).
The relatively brief history of PRS in this state is one of legal confusion and unintended travail, commencing with the mistaken belief by scores of trial courts that, since mandatory, PRS was automatically imposed as a component of a determinate sentence for a violent felony offense, and continuing with DOCS’ mistaken belief that it was authorized to administratively impose the mandatory PRS until instructed otherwise by the Court of Appeals (see Matter of Garner v New York State Dept. *633 of Correctional Servs., 10 NY3d 358 [2008]). These missteps resulted in legislative remediation through Correction Law § 601-d, designed to accomplish the resentencing of those defendants serving determinate sentences without court-ordered PRS terms. Finally, the Court of Appeals rendered its ruling in Williams, effectively foreclosing the resentencing of those defendants who had been released from prison to a further term of PRS where none had been imposed by the original sentencing judge. This court holds that a logical, rather than a nuanced, reading of the Williams decision compels the conclusion that this defendant, by virtue of his conditional release from imprisonment after having served six sevenths of his sentence, is entitled to the same constitutional rights as other defendants whose maximum expiration dates have passed.
Accordingly, the defendant’s motion for an order vacating the PRS portion of his sentence is granted.

 In their opposition papers, the People request that should this court find that Williams does apply to this case, that the court hold the motion in abeyance pending the determination of the application by the New York County District Attorney’s Office for a writ of certiorari from the United States Supreme Court. On April 19, 2010, the application for a stay pending the decision on whether to grant the writ was denied (New York v Williams, 559 US —, 130 S Ct 2138 [2010]).