■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAVIS GRANT, Appellant. [904 NYS2d 505]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Marrus, J.), imposed January 9, 2009, which, upon his conviction of criminal possession of a weapon in the second degree, upon his plea of guilty, imposed a term of postrelease supervision in addition to the determinate term of imprisonment previously imposed on June 13, 2001.

Ordered that the resentence is reversed, on the law, the term of postrelease supervision is vacated, and the original sentence imposed on June 13, 2001, is reinstated.

The defendant pleaded guilty to criminal possession of a

weapon in the second degree and, in June 2001, he was sentenced to a determinate term of imprisonment of eight years. The Supreme Court did not impose a period of postrelease supervision (hereinafter PRS). The defendant was released from prison on June 9, 2008, several months prior to the maximum expiration date of his prison term, which was January 31, 2009. On January 9, 2009, the defendant was brought before the Supreme Court, pursuant to Correction Law § 601-d, and the Supreme Court resentenced him to the original prison term, with an accompanying 2¹/₂-year period of PRS (*see* Penal Law § 70.45).

Although, at the time of the resentencing, the defendant had been released from prison, the People assert that he had not completed his term of imprisonment since, until January 31, 2009, he was still subject to reconfinement if he violated the terms of his conditional release. Thus, the People contend that a period of PRS could be added to the defendant's sentence without violating the Double Jeopardy Clause of the federal Constitution (US Const 5th Amend), as interpreted by the Court of Appeals in *People v Williams* (14 NY3d 198 [2010]).

Contrary to the People's contention, the Court of Appeals held in *Williams* that a defendant's "release from incarceration erect[s] a Double Jeopardy Clause barrier to any subsequent upward modifications of [his or her] original sentence[ ]" (*id.* at 219). Notwithstanding those portions of the *Williams* decision which refer to a defendant's completion of his or her sentence in addition to his or her release from prison, we conclude that, in determining when a defendant develops a legitimate expectation of finality in his or her sentence, thus rendering any enhancement of that sentence unconstitutional, the Court of Appeals attached ultimate significance to the defendant's release date (*see People v Jordan*, 15 NY3d 727 [2010]; *People v Hassell*, 14 NY3d 925 [2010]; *People v Williams*, 14 NY3d 924 [2010]; *People v Wells*, 28 Misc 3d 628 [Sup Ct, Queens County 2010]).

Thus, the resentencing court's addition of a period of PRS to the defendant's sentence after the defendant had been released from prison violated the Double Jeopardy Clause. Accordingly, the resentence must be reversed and the original sentence reinstated (*see People v Williams*, 14 NY3d at 222).

In light of our determination, we need not address the defendant's remaining contention. Prudenti, P.J., Rivera, Santucci and Miller, JJ., concur.