■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HOOVER, Appellant. [903 NYS2d 909]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Marrus, J.), imposed October 31, 2008, which, upon his conviction of criminal possession of a weapon in the third degree, upon a jury verdict, imposed a term of post-

release supervision in addition to the determinate sentence of imprisonment previously imposed on June 14, 2001.

Ordered that the resentence is reversed, on the law, the term of postrelease supervision is vacated, and the original sentence imposed on June 14, 2001, is reinstated.

In June 2001 the defendant was sentenced, upon his conviction of criminal possession of a weapon in the third degree (Penal Law former § 265.02 [4]), to a determinate term of imprisonment of six years. The Supreme Court did not pronounce a period of postrelease supervision (hereinafter PRS) at the sentencing. In 2002, while the defendant was incarcerated, he was convicted of an additional offense, attempted promoting prison contraband in the first degree, and he was sentenced to an indeterminate prison term of 1½ to 3 years, to run consecutively to the earlier sentence. The defendant was released from prison in December 2007. On October 31, 2008, the defendant was resentenced to the original determinate term and a period of PRS.

As the defendant correctly argues, under the circumstances present here, the addition of a period of PRS to his sentence after his release from prison violated the Double Jeopardy Clause of the United States Constitution (US Const 5th Amend; *see People v Williams*, 14 NY3d 198 [2010]; *People v Grant*, 75 AD3d 558 [2010] [decided herewith]). Accordingly, the resentence must be reversed and the original sentence reinstated. Rivera, J.P., Covello, Angiolillo and Sgroi, JJ., concur.