■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL SHARLOW, Appellant. [903 NYS2d 903]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Brennan, J.), imposed September 17, 2008, which, upon his conviction of burglary in the second degree and petit larceny, upon his plea of guilty, imposed a period of postrelease supervision in addition to the determinate term of imprisonment previously imposed on November 1, 2002.

Ordered that the resentence is reversed, on the law, the term of postrelease supervision is vacated, and the original sentence imposed on November 1, 2002, is reinstated.

In October 2000 the defendant was convicted, upon his plea of guilty, of burglary in the second degree and petit larceny. In November 2002 he was sentenced to a determinate term of incarceration of seven years on the conviction of burglary in the second degree and a definite jail term of one year on the conviction of petit larceny. While the defendant was serving his prison term, the New York State Department of Correctional Services administratively "imposed" a period of postrelease supervision (hereinafter PRS), a practice found unlawful by the Court of Appeals (*see Matter of Garner v New York State Dept. of Correctional Servs.*, 10 NY3d 358 [2008]). After serving six years of his determinate term, the defendant was conditionally released. Thereafter, on September 17, 2008, the Supreme Court resen-

tenced the defendant to a determinate term of incarceration of seven years plus a five-year period of PRS on the conviction of burglary in the second degree (*see* Correction Law § 601-d; Penal Law § 70.85). The defendant contends that his resentencing violated the federal constitutional prohibition against double jeopardy. We agree.

The defendant's release from prison erected a bar under the Double Jeopardy Clause of the United States Constitution (US Const, 5th Amend) to the addition thereafter of a period of PRS to his sentence (*see People v Williams*, 14 NY3d 198 [2010]; *People v Grant*, 75 AD3d 558 [2010] [decided herewith]). Accordingly, the resentence must be reversed and the original sentence reinstated. Fisher, J.P., Angiolillo, Belen and Lott, JJ., concur.