■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSIE VELEZ, Appellant. [914 NYS2d 93]—

Judgment of resentence, Supreme Court, Bronx County (Efrain L. Alvarado, J.), rendered June 18, 2009, resentencing defendant to a term of nine years, with five years' postrelease supervision, unanimously reversed, on the law, the resentence vacated, and the original sentence without postrelease supervision reinstated.

Defendant is entitled to relief under *People v Williams* (14 NY3d 198 [2010]), which invalidates the imposition of postrelease supervision upon resentencing of defendants who have been released after completing their terms of imprisonment. When a person serving a determinate sentence is conditionally released, the determinate sentence is still in effect, but the person has clearly been released from imprisonment within the meaning of *Williams*. Accordingly, the controlling date for double jeopardy purposes under *Williams* is the date of release from prison, not the expiration date of the sentence (*People v Grant*, 75 AD3d 558 [2010]), and we reject the People's argument to the contrary.

In light of this determination, we find it unnecessary to reach any other issues. Concur—Tom, J.P., Andrias, Saxe, Freedman and Manzanet-Daniels, JJ.