THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY ALLEN, Appellant. [887 NYS2d 599]—

Appeal by the defendant from a resentence of the Supreme Court, Queens County (Kron, J.), imposed October 14, 2008, upon his conviction of burglary in the first degree, criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the fourth degree (seven counts), and resisting arrest, upon a jury verdict.

Ordered that the resentence is affirmed.

In 2001 the defendant was convicted, upon a jury verdict, of burglary in the first degree and other offenses, and was sentenced to a determinate term of imprisonment of 10 years and lesser, concurrent prison terms. In 2008, the defendant was brought before the Supreme Court for resentencing, pursuant to Correction Law § 601-d, so that the mandatory period of postrelease supervision (hereinafter PRS) could be imposed.

Contrary to the defendant's contention, the resentencing court was not required to exercise its discretion to consider whether the sentence as a whole was appropriate in view of the fact that the sentence would now include a period of PRS. Since the original sentencing court is presumed to have been aware that the sentence would include a period of PRS, and the defendant has not overcome that presumption, no such exercise of discretion was warranted in this case (*see People v Bowman,* 65 AD3d 636 [2009]; *People v Stewartson,* 63 AD3d 966 [2009]). Prudenti, P.J., Miller, Chambers and Roman, JJ., concur.