■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PRENDERGAST, Appellant. [896 NYS2d 875]—

Appeal by the defendant from a resentence of the Supreme Court, Queens County (Knopf, J.), imposed April 28, 2008, upon his conviction of robbery in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict.

Ordered that the resentence is affirmed.

The defendant was convicted, after a jury trial, of robbery in the first degree and criminal possession of a weapon in the fourth degree and, in 2003, he was sentenced, as a second felony offender, to concurrent determinate terms of imprisonment of 15 years on the robbery count and 1 year on the weapon possession count. In 2008, the defendant was brought before the Supreme Court for resentencing, so that the mandatory five-year period of postrelease supervision (hereinafter PRS) could be imposed (*see* Penal Law § 70.45).

Contrary to the defendant's contention, the Supreme Court possessed the inherent power to correct the illegal sentence it initially imposed upon the defendant by adding the required period of PRS to the sentence (*see People v DeValle*, 94 NY2d 870 [2000]; *People v Williams*, 87 NY2d 1014 [1996]; *People v Hollis*, 309 AD2d 764 [2003]). Moreover, under the circumstances of this case, the resentencing did not subject the defendant to double jeopardy (*see Bozza v United States*, 330 US 160 [1947]; *People v Somerville*, 33 AD3d 733 [2006]; *cf. People v Williams*, 14 NY3d 198 [2010]).

Furthermore, the resentencing court was not required to exercise its discretion to consider whether the sentence as a whole was appropriate in view of the fact that the sentence would now include a period of PRS. Since the original sentencing court is presumed to have been aware that the sentence would include a period of PRS, and the defendant has not overcome that presumption, no such exercise of discretion was warranted in this case (*see People v Allen*, 66 AD3d 792 [2009], *lv denied* 13 NY3d 936 [2010]; *People v Stewartson*, 63 AD3d 966 [2009]). Prudenti, P.J., Dillon, Florio and Austin, JJ., concur. **[Prior Case History: 19 Misc 3d 1125(A), 2008 New York Slip Op 50847(U).]**