■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESLIE BECKER, Also Known as LEE BECKER, Appellant. [899 NYS2d 408]—

Cardona, P.J. Appeals (1) from a judgment of the County Court of Schenectady County (Giardino, J.), rendered December 19, 2008, which resentenced defendant following his conviction of the crimes of, among others, attempted rape in the first degree and assault in the second degree, and (2) by permission, from an order of said court, entered May 21, 2009, which denied defendant's motion pursuant to CPL 440.20 to set aside the original sentence following his conviction of the crimes of, among others, attempted rape in the first degree and assault in the second degree, after a hearing.

Following a nonjury trial, defendant was found guilty of, among other crimes, attempted rape in the first degree and as-

sault in the second degree. In December 2000, County Court sentenced defendant to an aggregate prison term of 15 years but did not impose any statutorily-required period of postrelease supervision. Defendant's convictions were subsequently affirmed on appeal.

Following the attempt by the Department of Correctional Services to impose a period of postrelease supervision in 2007 and defendant's successful challenge thereto, defendant, acting pro se, moved pursuant to CPL 440.20 (1) to set aside his sentence as invalid as a matter of law and illegal because no period of postrelease supervision was imposed by County Court. Thereafter, defendant was assigned counsel, who also moved to set aside the sentence imposed as well as to vacate defendant's judgment of conviction. After a hearing, County Court denied those motions, but resentenced defendant pursuant to Correction Law § 601-d to his original 15-year aggregate term of imprisonment and imposed an aggregate five-year period of postrelease supervision.

Initially, we are unpersuaded by defendant's contention that the resentence was unlawful because County Court did not comply with the time limitations prescribed by Correction Law § 601-d once the court received notice of the illegality of the sentence. This record establishes that defendant requested the adjournments in connection with his CPL article 440 motions challenging the legality of the sentence. Significantly, compliance with the statutory time periods would have impermissibly "affect[ed] the power of [the] court to hear, consider and decide" the motions (Correction Law § 601-d [8]). In any event, "New York courts have the inherent authority to correct illegal sentences" (*People v Williams*, 14 NY3d 198, 217 [2010]), regardless of the time limits set forth in Correction Law § 601-d (4) (c) or (d) (*see People v Thomas*, 68 AD3d 514, 515 [2009]).

Additionally, defendant's contention that the resentencing subjected him to double jeopardy is without merit. Notably, defendant has not completed serving his initial sentence and, therefore, County Court retained the power to correct the illegality of the sentence by imposing a period of postrelease supervision. Accordingly, defendant "cannot claim a legitimate expectation that the originally-imposed, improper sentence is final" so as to invoke the protection against double jeopardy (*People v Williams*, 14 NY3d at 217; *see People v Chandler*, 70 AD3d 1128, 1129 [2010]). Finally, we have reviewed defendant's contention that Correction Law § 601-d violates due process and find it to be without merit (*see People v Thomas*, 66 AD3d 1244, 1245 [2009]).

Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment and order are affirmed.