■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PARISI, Appellant. [899 NYS2d 328]—

Appeals by the defendant from (1) a resentence of the County Court, Suffolk County (Hinrichs, J.), imposed January 26, 2009, which, upon his convictions of rape in the first degree and sodomy in the first degree under indictment No. 1505-01, upon a jury verdict, imposed periods of postrelease supervision of five years in addition to each of the previously imposed determinate sentences of imprisonment of 25 years, and (2) a resentence of the same court, also imposed January 26, 2009, which, upon his conviction of assault in the second degree under indictment No. 1051-01, upon a jury verdict, imposed a period of postrelease supervision of five years in addition to the previously imposed determinate sentence of imprisonment of seven years.

Ordered that the resentences are affirmed.

In November 2002 the defendant was sentenced in the County Court to a total aggregate term of imprisonment of 57 years, upon his convictions of rape in the first degree (25 years), sodomy in the first degree (25 years), and assault in the second degree (7 years), under two separate indictments. Those sentences are deemed, by operation of law, to be 50 years (see Penal Law § 70.30 [1] [e] [vi]). The defendant also was sentenced to various concurrent indeterminate and determinate sentences that did not affect the overall length of the term of incarceration imposed upon him. The County Court, however, did not impose the statutorily required periods of postrelease supervision.

In January 2009 the County Court resentenced the defendant, over his objection on double jeopardy grounds, to the same prison terms, but with each determinate sentence to be followed by a five-year period of postrelease supervision. These resen-

tences were imposed as a result of legislative amendments to the Correction Law and the Penal Law (*see* L 2008, ch 141, § 2; Correction Law § 601-d; Penal Law § 70.85; *People v Williams*, 14 NY3d 198, 207-208 [2010]) addressing the problems created by the failure of sentencing courts to impose statutorily required periods of postrelease supervision when imposing determinate sentences. The defendant appeals from the resentences, and we affirm.

The resentencings did not violate the Double Jeopardy Clauses of the United States and New York Constitutions (*see* US Const 5th Amend; NY Constitution, article I, § 6), inasmuch as the defendant was still incarcerated pursuant to his indeterminate sentences when the County Court resentenced him to terms including the statutorily required periods of postrelease supervision (*see People v Prendergast*, 71 AD3d 1055 [2010]; *cf. People v Williams*, 14 NY3d 198, 219-220 [2010]). To the extent that the defendant raises a claim under the Due Process Clause of the United States Constitution (*see* US Const, 14th Amend, § 1), his contention is without merit (*see Hawkins v Freeman*, 195 F3d 732, 750 [1999]; *DeWitt v Ventetoulo*, 6 F3d 32, 35 [1993], *cert denied* 511 US 1032 [1994]; *cf. Breest v Helgemoe*, 579 F2d 95, 101 [1978], *cert denied* 439 US 933 [1978]). Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.