■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN MENDEZ, Appellant. [899 NYS2d 873]—

Appeal by the defendant from a resentence of the Supreme Court, Queens County (Roman, J.), imposed September 25, 2008, which, upon his conviction of robbery in the second degree (four counts) and assault in the second degree (two counts), upon a jury verdict, imposed a term of postrelease supervision of three years on each count of robbery in the first degree and a

term of postrelease supervision of two years on each count of assault in the second degree, to run concurrently with each other, in addition to the determinate sentence of imprisonment originally imposed on August 21, 2003.

Ordered that the resentence is affirmed.

The defendant was convicted, after a jury trial, of robbery in the second degree (four counts) and assault in the second degree (two counts). On August 21, 2003, he was sentenced to concurrent determinate terms of imprisonment consisting of 10 years, 8 years, 7 years, and 5 years, respectively, on the convictions of robbery in the second degree, and 5 years and 3 years, respectively, on the convictions of assault in the second degree. In 2008, while the defendant was still incarcerated and serving the original sentence, the defendant was brought before the Supreme Court for resentencing, so that the mandatory period of postrelease supervision could be imposed (*see* Penal Law § 70.45; Correction Law § 601-d).

Contrary to the defendant's contention, the resentencing did not subject him to double jeopardy (*see People v Prendergast*, 71 AD3d 1055 [2010]; *cf. People v Williams*, 14 NY3d 198 [2010]). Further, his constitutional right to due process was not violated by the resentencing (*see People v Scalercio*, 71 AD3d 1060 [2010]).

The defendant's remaining contentions are without merit. Rivera, J.P., Fisher, Florio and Austin, JJ., concur.