■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINIQUE MURRELL, Appellant. [905 NYS2d 5]—

Judgment of resentence, Supreme Court, New York County (Richard D. Carruthers, J.), rendered March 20, 2009, resentencing defendant to concurrent terms of 10 years, with five years' postrelease supervision (PRS), unanimously affirmed.

The resentencing proceeding imposing a term of postrelease supervision was not barred by double jeopardy, since defendant was still serving his prison term at that time, and therefore had no reasonable expectation of finality in his illegal sentence. In *People v Williams* (14 NY3d 198 [2010]), the Court of Appeals concluded that double jeopardy principles prohibit the addition of PRS to the sentences of defendants who have been released after completing their terms of imprisonment. Although *Williams* did not involve persons still serving the prison portions of their sentences, it is clear from the Court's rationale that there is no constitutional impediment to imposing PRS in that situation. The fact that this defendant was nearing the end of a long sentence does not warrant a different result.

We have considered and rejected defendant's due process argument. Defendant's statutory claims are similar to arguments that were rejected in *Williams*, or are otherwise without merit (*see People v Thomas*, 68 AD3d 514, 515 [2009]).

Finally, we note that we have already substantially reduced defendant's sentence on a prior appeal that did not involve any PRS issues (307 AD2d 821, 822 [2003], *lv denied* 1 NY3d 540 [2003]), and we perceive no basis for reducing the sentence any further. Concur—Saxe, J.P., Catterson, Renwick, Richter and Abdus-Salaam, JJ.