■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE TILLMAN, Appellant. [902 NYS2d 416]—Appeal by the defendant, as limited by his motion, from a resentence of the County Court, Westchester County (Zambelli, J.), imposed September 23, 2008.

Ordered that the resentence is affirmed.

Under the circumstances of this case, the defendant's contentions that the resentence, pursuant to which the County Court, in effect, added the statutorily required period of postrelease supervision to his sentence (*see* Penal Law § 70.45), violated the prohibition against double jeopardy and his due process rights because he had a legitimate expectation in the finality of his sentence, are without merit (*see People v Prendergast,* 71 AD3d 1055 [2010]; *cf. People v Williams,* 14 NY3d 198 [2010]).

Insofar as the defendant's allegations of ineffective assistance of counsel are based upon matter which is dehors the record, they are not reviewable on this appeal (*see e.g. People v Oquendo,* 71 AD3d 105 [2010]). To the extent that the record permits review of the defendant's claim that he was deprived of the effective assistance of counsel, the defendant received meaningful representation (*see Strickland v Washington,* 466 US 668 [1984]; *People v Henry,* 95 NY2d 563, 564 [2000]; *People v Baldi,* 54 NY2d 137, 147 [1981]).

The defendant's remaining contentions are unpreserved for appellate review, and, in any event, without merit. Prudenti, P.J., Rivera, Santucci, Dickerson and Hall, JJ., concur.