[931 NE2d 1053, 905 NYS2d 797]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE JORDAN, Appellant.

Decided June 24, 2010

**APPEARANCES OF COUNSEL**

*Center for Appellate Litigation*, New York City (*Mark W. Zeno* and *Robert S. Dean* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Matthew C. Williams* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be reversed, the resentence vacated and the original sentence reinstated.

In February 2003, defendant pleaded guilty to attempted first-degree robbery and was promised a sentence of seven years imprisonment. Although postrelease supervision (PRS) was discussed during the plea proceeding, Supreme Court did not inform defendant of the specific term of PRS it intended to impose. At sentencing, although Supreme Court mentioned PRS again, it did not pronounce a specific period of PRS. In September 2008—more than one year after defendant was released from prison—defendant returned to court and Supreme Court, in error, resentenced him, adding a five-year period of PRS. The Double Jeopardy Clause of the Federal Constitution precludes a court from adding PRS to a defendant's sentence once the defendant has been released from imprisonment (*see People v Williams*, 14 NY3d 198, 217 [2010]).

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order reversed, etc.