■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR PRUITT, Appellant. [903 NYS2d 239]—

Appeal by the defendant from a resentence of the County Court, Nassau County (Jaeger, J.), imposed August 6, 2008, which, upon his conviction of rape in the first degree and sexual abuse in the first degree, upon a jury verdict, imposed periods of postrelease supervision of five years in addition to the determinate terms of imprisonment previously imposed on March 14, 2001.

Ordered that the resentence is affirmed.

The defendant was convicted, after a jury trial, of rape in the first degree and sexual abuse in the first degree. On March 14, 2001 he was sentenced to concurrent determinate terms of imprisonment of 18 years and 7 years, respectively. In 2008, while the defendant was still incarcerated and serving the original sentence, the defendant was brought before the County Court for resentencing, so that the mandatory periods of postrelease supervision could be imposed (*see* Penal Law § 70.45; Correction Law § 601-d).

Contrary to the defendant's contention, his constitutional right to due process was not violated by the resentencing (*see People v Sparber*, 10 NY3d 457, 469-472 [2008]; *People v Mendez*, 73 AD3d 951 [2010]; *People v Scalercio*, 71 AD3d 1060 [2010]).

The defendant's contention that Correction Law § 601-d constitutes an unconstitutional ex post facto law is unpreserved for appellate review and, in any event, without merit (*cf. People v Williams*, 14 NY3d 198, 220 n 5 [2010]).

The defendant's remaining contentions are without merit. Skelos, J.P., Eng, Hall and Lott, JJ., concur.