■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WOODS, Appellant. [907 NYS2d 886]—

Appeal by the defendant from a resentence of the Supreme Court, Richmond County (Rooney, J.), imposed February 3, 2009, which, upon his conviction of robbery in the first degree, upon a jury verdict, imposed a period of postrelease supervision of five years in addition to the determinate term of imprisonment previously imposed on September 28, 2000.

Ordered that the resentence is affirmed.

After a defendant is released from prison, a legitimate expectation in the finality of the sentence arises (*see People v Williams*, 14 NY3d 198, 217 [2010]), and the Double Jeopardy Clause of the United States Constitution (*see* US Const 5th Amend) precludes a court from adding a period of postrelease supervision to the sentence (*see People v Jordan*, 15 NY3d 727 [2010]; *People v Grant*, 75 AD3d 558 [2010]). Here, since the defendant had not yet completed serving the 18-year prison term to which he was sentenced in 2000, the 2009 resentencing did not violate the defendant's double jeopardy or due process rights (*see People v Jordan*, 15 NY3d 727 [2010]; *People v Hassell*, 14 NY3d 925 [2010]; *People v Williams*, 14 NY3d 198 [2010]; *People v Sparber*, 10 NY3d 457 [2008]; *People v Pruitt*, 74 AD3d 1366 [2010]; *People v Mendez*, 73 AD3d 951 [2010]; *People v Parisi*, 72 AD3d 989 [2010]; *People v Scalercio*, 71 AD3d 1060 [2010]; *People v Prendergast*, 71 AD3d 1055 [2010]; *People v Bowman*, 65 AD3d 636 [2009]; *People v Stewartson*, 63 AD3d 966 [2009]).

The defendant's remaining contention is without merit. Dillon, J.P., Florio, Roman and Sgroi, JJ., concur.