■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL GITTENS, Appellant. [909 NYS2d 113]—

Appeal by the defendant from a resentence of the Supreme Court, Queens County (Buchter, J.), imposed April 20, 2009, which, upon his conviction of criminal possession of a weapon in the third degree under Penal Law § 265.02 (4), upon a jury verdict, imposed a term of postrelease supervision of five years in addition to the determinate sentence of imprisonment originally imposed on September 14, 2004.

Ordered that the resentence is affirmed.

At the conclusion of a jury trial conducted in August 2004, the defendant was convicted, inter alia, of criminal possession of a weapon in the third degree in violation of Penal Law § 265.02 (4). On September 14, 2004, the defendant was sentenced to a determinate term of six years imprisonment on his conviction of criminal possession of a weapon in violation of Penal Law § 265.02 (4), to run concurrently with lesser terms of imprisonment imposed upon his conviction of two other offenses. Although the determinate sentence imposed upon the defendant for his conviction of criminal possession of a weapon in the third degree under Penal Law § 265.02 (4) was required to include a term of postrelease supervision (*see* Penal Law § 70.45), it is undisputed that no term of postrelease supervision was pronounced at sentencing. In April 2009, while the de-

fendant was still incarcerated and serving his original sentence, he was brought before the Supreme Court for resentencing so that the statutorily required term of postrelease supervision could be imposed (*see* Correction Law § 601-d).

Since the resentencing proceeding occurred prior to the defendant's release from custody, the addition of a term of postrelease supervision to his original sentence did not violate the prohibition against double jeopardy (*see People v Tillman*, 74 AD3d 1251 [2010]; *People v Mendez*, 73 AD3d 951 [2010]; *People v Murrell*, 73 AD3d 598 [2010]; *People v Becker*, 72 AD3d 1290 [2010]; *People v Parisi*, 72 AD3d 989 [2010]; *People v Prendergast*, 71 AD3d 1055 [2010]; *cf. People v Williams*, 14 NY3d 198, 217 [2010]). Further, the defendant's constitutional right to due process was not violated by the resentencing (*see People v Pruitt*, 74 AD3d 1366 [2010]; *People v Tillman*, 74 AD3d 1251 [2010]; *People v Mendez*, 73 AD3d 951 [2010]; *People v Murrell*, 73 AD3d 598 [2010]; *People v Becker*, 72 AD3d 1290 [2010]; *People v Parisi*, 72 AD3d 989 [2010]; *People v Scalercio*, 71 AD3d 1060 [2010]).

The defendant's remaining contention is without merit. Rivera, J.P., Dickerson, Eng and Austin, JJ., concur.