■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENISE ADAMS, Appellant. [909 NYS2d 381]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Brennan, J.), imposed June 10, 2009, which, upon her conviction of robbery in the first degree, burglary in the first degree, and assault in the first degree, upon a jury verdict, imposed a period of postrelease supervision in addition to the determinate term of imprisonment previously imposed on June 11, 2003.

Ordered that the resentence is affirmed.

The defendant was convicted of robbery in the first degree, burglary in the first degree, and assault in the first degree, upon a jury verdict, and was sentenced to concurrent determinate terms of 7$^{1/2}$ years imprisonment on the charges of burglary in the first degree and assault in the first degree, and to a determinate term of five years imprisonment on the charge of robbery in the first degree. In rendering the sentence, the Supreme Court did not mention postrelease supervision (hereinafter PRS).

On June 10, 2009, while the defendant was still serving the originally imposed prison component of her sentence, she was brought before the Supreme Court for resentencing, so that the mandatory five-year period of PRS could be imposed (see Penal Law § 70.45).

Contrary to the defendant's contention, the resentencing did not subject her to double jeopardy (see People v Mendez, 73 AD3d 951 [2010]; People v Murrell, 73 AD3d 598 [2010]; People v Parisi, 72 AD3d 989 [2010]; cf. People v Williams, 14 NY3d 198 [2010], cert denied 562 US —, 131 S Ct 125 [2010]). Nor did the resentencing violate the defendant's constitutional right to due process (see People v Mendez, 73 AD3d 951 [2010]; People v Parisi, 72 AD3d 989 [2010]; People v Scalercio, 71 AD3d 1060 [2010]; cf. People v Williams, 14 NY3d 198 [2010]). Skelos, J.P., Eng, Belen and Hall, JJ., concur.