■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN WATKINS, Appellant. [908 NYS2d 886]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (DiMango, J.), imposed June 15, 2009, which, upon his conviction of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and menacing in the second degree, imposed a period of postrelease supervision of four years in addition to the previously imposed determinate prison sentence of 10 years on the conviction of criminal possession of a weapon in the second degree.

Ordered that the resentence is affirmed.

The defendant was convicted, after a jury trial, of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and menacing in the second degree. On June 6, 2001, he was sentenced to concurrent determinate terms of imprisonment of 10 years, 7 years, and 1 year, respectively. In 2009, while the defendant was still incarcerated and serving the original sentence, he was brought before the Supreme Court for resentencing, so that the mandatory period of postrelease supervision could be imposed (*see* Penal Law § 70.45; Correction Law § 601-d).

Contrary to the defendant's contention, the resentencing did not subject him to double jeopardy (*see People v Mendez*, 73 AD3d 951 [2010]; *People v Murrell*, 73 AD3d 598 [2010]; *People v Parisi*, 72 AD3d 989 [2010]; *cf. People v Williams*, 14 NY3d 198 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]). Nor did the resentencing violate the defendant's constitutional right to due process (*see People v Mendez*, 73 AD3d 951 [2010]; *People v Parisi*, 72 AD3d 989 [2010]; *People v Scalercio*, 71 AD3d 1060 [2010]; *cf. People v Williams*, 14 NY3d 198 [2010]).

The defendant's remaining contention is without merit. Skelos, J.P., Eng, Belen and Hall, JJ., concur.