THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYDNEY RAGBIRSINGH, Appellant. [911 NYS2d 89]—

Appeal by the defendant from a resentence of the Supreme Court, Queens County (Erlbaum, J.), imposed July 2, 2009, which, upon his conviction of burglary in the second degree, upon a jury verdict, imposed a period of postrelease supervision of five years in addition to the determinate term of nine years imprisonment previously imposed on September 23, 2002.

Ordered that the resentence is affirmed.

The defendant was convicted, after a jury trial, of burglary in the second degree and criminal possession of stolen property in the fifth degree. On September 23, 2002, he was sentenced, as a second felony offender, to concurrent determinate terms of imprisonment consisting of nine years and one year, respectively. In 2009, while the defendant was still incarcerated and serving the original sentence, the defendant was brought before the Supreme Court for resentencing, so that the mandatory period of postrelease supervision (hereinafter PRS) could be imposed (*see* Penal Law § 70.45; Correction Law § 601-d).

Since the defendant had not yet been released from incarceration on the original sentence when he was resentenced, the resentencing to a term including the statutorily required period of PRS did not subject him to double jeopardy or violate his right to due process of law (*see People v Ware*, 78 AD3d 743 [2010] [decided herewith]; *People v Young*, 78 AD3d 744 [2010] [decided herewith]; *People v Pruitt*, 74 AD3d 1366 [2010], *lv denied* 15 NY3d 855 [2010]; *People v Tillman*, 74 AD3d 1251 [2010], *lv denied* 15 NY3d 856 [2010]; *People v Mendez*, 73 AD3d 951 [2010], *lv denied* 15 NY3d 854 [2010]; *People v Murrell*, 73 AD3d 598 [2010], *lv granted* 15 NY3d 854 [2010]; *People v Parisi*, 72 AD3d 989 [2010], *lv granted* 15 NY3d 776 [2010]; *People v Becker*, 72 AD3d 1290 [2010]; *People v Scalercio*, 71 AD3d 1060 [2010]; *People v Prendergast*, 71 AD3d 1055 [2010], *lv granted* 15 NY3d 808 [2010]; *cf. People v Jordan*, 15 NY3d 727, 728 [2010]; *People v Williams*, 14 NY3d 198 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]).

Further, the resentencing court was not required to exercise its discretion to consider whether the sentence as a whole was appropriate in view of the fact that the sentence would now include a period of PRS. Since the original sentencing court is

presumed to have been aware that the sentence would include a period of PRS, and the defendant has not overcome that presumption, the Supreme Court did not improvidently exercise its discretion in this case (*see People v Prendergast*, 71 AD3d 1055 [2010], *lv granted* 15 NY3d 808 [2010]).

The defendant's remaining contention is without merit. Mastro, J.P., Skelos, Roman and Sgroi, JJ., concur.