■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WARE, Appellant. [909 NYS2d 915]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Brennan, J.), imposed July 18, 2008, which, upon his convictions of attempted assault in the first degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, imposed a period of postrelease supervision in addition to the determinate terms of imprisonment previously imposed on March 15, 2004.

Ordered that the resentence is affirmed.

In 2004, upon the defendant's conviction of attempted assault in the first degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree, the Supreme Court imposed concurrent determinate prison terms of 14 years on each count. However, the Supreme Court failed to set forth on the record the statutorily required period of postrelease supervision on each count, although such periods appear on a commitment sheet. The Court of Appeals, inter alia, remitted the case for resentencing (see *People v Sparber*, 10 NY3d 457, 473 [2008]), and, in 2008, approximately four years into the defendant's 14-year terms of imprisonment, the Supreme Court reimposed the original determinate terms, and added a five-year period of postrelease supervision on each count. The

defendant appeals, claiming that the resentencing under these circumstances violates the due process clauses of the state and federal constitutions.

Since the defendant had not yet been released from incarceration on the original sentence when he was resentenced, the resentencing to a term including the statutorily required period of postrelease supervision did not subject him to double jeopardy or violate his right to due process of law (see People v Ragbirsingh, 78 AD3d 738 [2010] [decided herewith]; People v Ware, 78 AD3d 743 [2010] [decided herewith]; People v Pruitt, 74 AD3d 1366 [2010], lv denied 15 NY3d 855 [2010]; People v Tillman, 74 AD3d 1251 [2010], lv denied 15 NY3d 856 [2010]; People v Mendez, 73 AD3d 951 [2010], lv denied 15 NY3d 854 [2010]; People v Murrell, 73 AD3d 598 [2010], lv granted 15 NY3d 854 [2010]; People v Parisi, 72 AD3d 989 [2010], lv granted 15 NY3d 776 [2010]; People v Becker, 72 AD3d 1290 [2010]; People v Scalercio, 71 AD3d 1060 [2010]; People v Prendergast, 71 AD3d 1055 [2010], lv granted 15 NY3d 808 [2010]; cf. People v Jordan, 15 NY3d 727 [2010]; People v Williams, 14 NY3d 198 [2010], cert denied 562 US —, 131 S Ct 125 [2010]). Mastro, J.P., Skelos, Roman and Sgroi, JJ., concur.