◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN YOUNG, Appellant. [910 NYS2d 521]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Gerges, J.), imposed January 21, 2009, upon his conviction of robbery in the first degree, upon his plea of guilty.

Ordered that the resentence is affirmed.

On January 3, 2001, the defendant was convicted, upon his plea of guilty, of robbery in the first degree and, on February 27, 2001, he was sentenced to a determinate term of imprisonment of 10 years. The sentencing court, however, failed to impose the statutorily required period of postrelease supervision (hereinafter PRS). In January 2009, while he was still incarcerated, the defendant was brought before the Supreme Court for resentencing so that the mandatory period of PRS could be imposed (see Penal Law § 70.45; Correction Law § 601-d).

Since the defendant had not yet been released from incarceration on the original sentence when he was resentenced, the resentencing to a term including the statutorily required period of postrelease supervision did not subject him to double jeopardy or violate his right to due process of law (see *People v Ragbirsingh*, 78 AD3d 738 [2010] [decided herewith]; *People v*

*Ware*, 78 AD3d 743 [2010] [decided herewith]; *People v Pruitt*, 74 AD3d 1366 [2010], *lv denied* 15 NY3d 855 [2010]; *People v Tillman*, 74 AD3d 1251 [2010], *lv denied* 15 NY3d 856 [2010]; *People v Mendez*, 73 AD3d 951 [2010], *lv denied* 15 NY3d 854 [2010]; *People v Murrell*, 73 AD3d 598 [2010], *lv granted* 15 NY3d 854 [2010]; *People v Parisi*, 72 AD3d 989 [2010], *lv granted* 15 NY3d 776 [2010]; *People v Becker*, 72 AD3d 1290 [2010]; *People v Scalercio*, 71 AD3d 1060 [2010]; *People v Prendergast*, 71 AD3d 1055 [2010], *lv granted* 15 NY3d 808 [2010]; *cf. People v Jordan*, 15 NY3d 737; *People v Williams*, 14 NY3d 198 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]).

Further, "CPL 440.40—which allows the People to move to set aside an invalid sentence within one year of its imposition—does not impose a one-year limitation on a court's authority to rectify an illegal sentence" (*People v Williams*, 14 NY3d at 212).

Lastly, the resentencing court was not required to exercise its discretion and consider whether to reduce the defendant's sentence as a whole in view of the fact that the sentence would now include a period of PRS (*see People v Prendergast*, 71 AD3d at 1056). "Since the original sentencing court is presumed to have been aware that the sentence would include a period of PRS, and the defendant has not overcome that presumption, no such exercise of discretion was warranted in this case" (*id.* at 1056; *see People v Allen*, 66 AD3d 792 [2009]). Santucci, J.P., Balkin, Leventhal and Austin, JJ., concur.