■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD BROWN, Appellant. [910 NYS2d 364]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Brennan, J.), imposed March 26, 2009,

which, upon his conviction of robbery in the first degree, upon a jury verdict, imposed a period of postrelease supervision of five years in addition to the determinate sentence of imprisonment originally imposed on February 17, 2000.

Ordered that the resentence is affirmed.

At the conclusion of a jury trial, the defendant was convicted of robbery in the first degree. On February 17, 2000, the defendant was sentenced to a determinate term of 12 years imprisonment. Although the determinate sentence imposed upon the defendant for his conviction of robbery in the first degree was required to include a period of postrelease supervision (*see* Penal Law § 70.45), it is undisputed that no period of postrelease supervision was pronounced at sentencing. In March 2009, while the defendant was still incarcerated and serving his original sentence, he was brought before the Supreme Court for resentencing, so that the statutorily required period of postrelease supervision could be imposed (*see* Correction Law § 601-d).

Since the resentencing proceeding occurred prior to the defendant's release from custody, the addition of a period of postrelease supervision to the defendant's original sentence did not violate the prohibition against double jeopardy (*see People v Gittens*, 77 AD3d 765 [2d Dept 2010]; *People v Woods*, 77 AD3d 690 [2d Dept 2010]; *People v Tillman*, 74 AD3d 1251 [2010], *lv denied* 15 NY3d 856 [2010]; *People v Mendez*, 73 AD3d 951 [2010], *lv denied* 15 NY3d 854 [2010]; *People v Murrell*, 73 AD3d 598 [2010], *lv granted* 15 NY3d 854 [2010]; *People v Becker*, 72 AD3d 1290 [2010]; *People v Parisi*, 72 AD3d 989 [2010], *lv granted* 15 NY3d 776 [2010]; *People v Prendergast*, 71 AD3d 1055 [2010], *lv granted* 15 NY3d 808 [2010]; *cf. People v Williams*, 14 NY3d 198, 217 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]). Further, the defendant's constitutional right to due process was not violated by the resentencing (*see People v Gittens*, 77 AD3d 765 [2010]; *People v Woods*, 77 AD3d 690 [2010]; *People v Pruitt*, 74 AD3d 1366 [2010], *lv denied* 15 NY3d 855 [2010]; *People v Tillman*, 74 AD3d 1251 [2010]; *People v Mendez*, 73 AD3d 951 [2010]; *People v Murrell*, 73 AD3d 598 [2010]; *People v Becker*, 72 AD3d 1290 [2010]; *People v Scalercio*, 71 AD3d 1060 [2010]). Mastro, J.P., Balkin, Eng and Hall, JJ., concur.