■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL CLARK, Appellant. [910 NYS2d 375]—

Appeal by the defendant from a resentence of the Supreme Court, Queens County (McDonald, J.), imposed October 9, 2008, which, upon his conviction of robbery in the first degree, robbery in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, imposed a period of postrelease supervision in addition to the concurrent determinate terms of imprisonment previously imposed on September 20, 2000.

Ordered that the resentence is affirmed.

The defendant was convicted, after a jury trial, of robbery in the first degree, robbery in the second degree, and criminal possession of a weapon in the fourth degree. On September 20, 2000, the defendant was sentenced, as a second felony offender, to determinate terms of 10 years for each of the two robbery counts, and a definite term of one year for the misdemeanor count, all terms to run concurrently. In 2008, while the defendant was still incarcerated and serving the original sentence, he was brought before the Supreme Court for resentencing, so that the mandatory periods of postrelease supervision could be imposed (*see* Penal Law § 70.45; Correction Law § 601-d). The Supreme Court imposed a single five-year period of postrelease supervision.

Contrary to the defendant's contention, the resentencing did not subject him to double jeopardy (*see People v Tillman*, 74 AD3d 1251 [2010], *lv denied* 15 NY3d 856 [2010]; *People v Murrell*, 73 AD3d 598, 599 [2010], *lv granted* 15 NY3d 854 [2010]; *cf. People v Williams*, 14 NY3d 198, 217 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]). Further, his constitutional right to due process was not violated by the resentencing (*see People v Pruitt*, 74 AD3d 1366, 1367 [2010], *lv denied* 15 NY3d 855 [2010]; *People v Scalercio*, 71 AD3d 1060 [2010]). Dillon, J.P., Angiolillo, Hall and Roman, JJ., concur.