■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAIMON JOHNSON, Appellant. [910 NYS2d 670]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Firetog, J.), imposed March 24, 2009, which, upon his conviction of attempted murder in the second

degree and robbery in the first degree, upon his plea of guilty, imposed a period of postrelease supervision in addition to the determinate term of imprisonment previously imposed on April 21, 1999.

Ordered that the resentence is affirmed.

On March 17, 1999, the defendant was convicted, upon his plea of guilty, of attempted murder in the second degree and robbery in the first degree. On April 21, 1999, the Supreme Court sentenced him, as a second violent felony offender, to concurrent determinate prison terms of 12 years on each count. The Supreme Court, however, failed to impose the statutorily required period of postrelease supervision (hereinafter PRS). On March 24, 2009, while he was still incarcerated in connection with those convictions, the defendant was brought before the Supreme Court for resentencing so that the mandatory period of PRS could be imposed (*see* Penal Law § 70.45; Correction Law § 601-d).

Contrary to the defendant's contention, his constitutional right to due process was not violated by the resentencing because he had not yet been released from incarceration in connection with the original convictions (*see People v Pruitt*, 74 AD3d 1366 [2010], *lv denied* 15 NY3d 855 [2010]; *People v Tillman*, 74 AD3d 1251 [2010], *lv denied* 15 NY3d 856 [2010]; *People v Mendez*, 73 AD3d 951 [2010]; *People v Murrell*, 73 AD3d 598 [2010], *lv granted* 15 NY3d 854 [2010]; *People v Parisi*, 72 AD3d 989 [2010], *lv granted* 15 NY3d 776 [2010]; *People v Becker*, 72 AD3d 1290 [2010], *lv denied* 15 NY3d 747 [2010]; *People v Scalercio*, 71 AD3d 1060 [2010]; *People v Prendergast*, 71 AD3d 1055 [2010], *lv granted* 15 NY3d 808 [2010]; *cf. People v Jordan*, 15 NY3d 727, 728 [2010]; *People v Williams*, 14 NY3d 198 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]).

While the defendant does not seek vacatur of his plea, he requests specific performance of his plea agreement, i.e., a sentence without PRS. However, specific performance is unavailable here since the defendant did not demonstrate that, in pleading guilty, he detrimentally relied on an illegal sentence (*see People v Rubendall*, 4 AD3d 13, 19 [2004]; *cf. People v McConnell*, 49 NY2d 340 [1980]; *People v Grimaldi*, 200 AD2d 687 [1994]). Mastro, J.P., Fisher, Leventhal and Belen, JJ., concur.