■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS NEGRON, Appellant. [910 NYS2d 912]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Brennan, J.), imposed April 3, 2009, which, upon his conviction of attempted robbery in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, imposed a period of postrelease supervision of five years on the counts of attempted robbery in the first degree and assault in the second degree, to run concurrently with each other, in addition to the determinate sentence of imprisonment originally imposed on June 24, 2002.

Ordered that the resentence is affirmed.

The defendant was convicted, upon a jury verdict, of attempted robbery in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree. On June 24, 2002, he was sentenced to concurrent determinate terms of imprisonment consisting of eight years on the conviction of attempted robbery in the first degree, seven years on the conviction of assault in the second degree, and one year on the conviction of criminal possession of a weapon in the fourth degree. On April 3, 2009, while the defendant was still incarcerated in connection with these convictions, he was brought before the Supreme Court for resentencing, so that the mandatory period of postrelease supervision could be imposed (*see* Penal Law § 70.45).

Contrary to the defendant's contention, the resentencing did not subject him to double jeopardy (*see People v Tillman*, 74 AD3d 1251 [2010], *lv denied* 15 NY3d 856 [2010]; *People v Mendez*, 73 AD3d 951, 952 [2010]; *People v Parisi*, 72 AD3d 989, 990 [2010], *lv granted* 15 NY3d 776 [2010]; *People v Prendergast*, 71 AD3d 1055 [2010], *lv granted* 15 NY3d 808 [2010]; *cf. People v Jordan*, 15 NY3d 727, 728 [2010]; *People v Hassell*, 14 NY3d

925, 926 [2010]; *People v Williams*, 14 NY3d 198 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]). Further, his constitutional right to due process was not violated by the resentencing (*see People v Mendez*, 73 AD3d at 952; *People v Scalercio*, 71 AD3d 1060, 1061 [2010]).

The defendant's remaining contention is without merit. Rivera, J.P., Covello, Santucci and Sgroi, JJ., concur.