■ The People of the State of New York, Respondent, v Raheem Watson, Appellant. [912 NYS2d 412]—

Appeal by the defendant from so much of a resentence of the Supreme Court, Kings County (Brennan, J.), imposed April 3, 2009, as, upon his conviction of attempted robbery in the first degree and robbery in the second degree, upon his plea of guilty, imposed a period of postrelease supervision in addition to the determinate terms of imprisonment previously imposed on July 27, 2004.

Ordered that the resentence is affirmed insofar as appealed from.

In July 2004, upon the defendant's conviction of attempted robbery in the first degree and robbery in the second degree, the Supreme Court imposed concurrent determinate prison terms of seven years on each count. The Supreme Court,

however, failed to orally pronounce the statutorily required period of postrelease supervision on each count, although the defendant, when he pleaded guilty, had agreed to a period of five years of postrelease supervision as part of the negotiated sentence. In April 2009, after the defendant had served approximately six years of his seven-year sentence, the Supreme Court, pursuant to Correction Law § 601-d and Penal Law § 70.45, and over the defendant's objection, reimposed the original determinate terms, but added a five-year period of postrelease supervision on each count. The defendant appeals only from so much of the resentence as imposed periods of postrelease supervision, claiming that the resentencing under these circumstances violated his constitutional right to due process.

Under the circumstances of this case, there is no merit to the defendant's contention that the resentence, pursuant to which the Supreme Court added the statutorily required period of postrelease supervision to his sentence (*see* Penal Law § 70.45), violated his due process rights because he had a legitimate expectation in the finality of his sentence, as the resentencing occurred while the defendant was still incarcerated and serving the original sentence (*see People v Sparber*, 10 NY3d 457, 469-472 [2008]; *People v Pruitt*, 74 AD3d 1366, 1367 [2010], *lv denied* 15 NY3d 855 [2010]; *People v Tillman*, 74 AD3d 1251 [2010], *lv denied* 15 NY3d 856 [2010]; *People v Mendez*, 73 AD3d 951, 951-952 [2010]; *People v Murrell*, 73 AD3d 598, 599 [2010]; *People v Parisi*, 72 AD3d 989, 990 [2010], *lv granted* 15 NY3d 776 [2010]; *People v Becker*, 72 AD3d 1290, 1291 [2010]; *People v Scalercio*, 71 AD3d 1060, 1061 [2010]; *cf. People v Jordan*, 15 NY3d 727 [2010]; *People v Williams*, 14 NY3d 198, 217-218 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]). Dillon, J.P., Florio, Balkin and Roman, JJ., concur.