THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT JOHNSON, Appellant. [913 NYS2d 561]—

Appeal by the defendant from a resentence of the Supreme Court, Queens County (Cooperman, J.), imposed April 8, 2009, which, upon his convictions of robbery in the second degree (two counts), assault in the second degree, assault in the third degree, reckless endangerment in the first degree, and aggravated harassment in the second degree, upon a jury verdict, imposed a period of postrelease supervision in addition to the term of imprisonment previously imposed on January 8, 2004.

Ordered that the resentence is affirmed.

The defendant was convicted, upon a jury verdict, of robbery in the second degree (two counts), assault in the second degree, assault in the third degree, reckless endangerment in the first degree, and aggravated harassment in the second degree. On January 8, 2004, he was sentenced to concurrent determinate terms of imprisonment of seven years on the robbery convictions, four years on the assault in the second degree conviction, one year on the assault in the third degree conviction, one year on the aggravated harassment conviction, and an indeterminate term of 2 to 6 years on the reckless endangerment conviction. However, at the initial sentencing hearing, the Supreme Court did not mention the mandatory period of postrelease supervision that the defendant should have been assessed as part of his sentence. On April 8, 2009, while the defendant was still incarcerated and serving the original sentence, he was brought before the Supreme Court for resentencing so the mandatory period of postrelease supervision could be imposed (*see* Penal Law § 70.45).

Since, at resentencing, the defendant had not yet been released from incarceration for the original sentence, the resentencing to a term including the statutorily required period of postrelease supervision did not subject him to double jeopardy or violate his right to due process of law (*see People v Clark*, 78 AD3d 858 [2d Dept 2010]; *People v Pruitt*, 74 AD3d 1366

[2010], *lv denied* 15 NY3d 855 [2010]; *People v Tillman*, 74 AD3d 1251 [2010], *lv denied* 15 NY3d 856 [2010]; *People v Mendez*, 73 AD3d 951 [2010]; *People v Murrell*, 73 AD3d 598 [2010], *lv granted* 15 NY3d 854 [2010]; *People v Parisi*, 72 AD3d 989 [2010]; *People v Becker*, 72 AD3d 1290 [2010]; *People v Scalercio*, 71 AD3d 1060 [2010]; *People v Prendergast*, 71 AD3d 1055 [2010], *lv granted* 15 NY3d 808 [2010]; *cf. People v Jordan*, 15 NY3d 727, 728 [2010]; *People v Williams*, 14 NY3d 198 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]). Covello, J.P., Angiolillo, Dickerson and Belen, JJ., concur.