■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG BROWN, Appellant. [917 NYS2d 867]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Mangano, Jr., J.), imposed September 10, 2009, which, upon his convictions of robbery in the first degree, burglary in the first degree, robbery in the second degree, assault in the second degree, robbery in the third degree, and endangering the welfare of a child (two counts), upon a jury verdict, imposed periods of postrelease supervision in addition to the determinate terms of imprisonment previously imposed on January 29, 2001.

Ordered that the resentence is affirmed.

The defendant was convicted, upon a jury verdict, of numerous crimes arising out of his participation in three incidents committed over a period of eight months, and he was sentenced, inter alia, to determinate prison terms aggregating to 19 years. The Supreme Court did not impose the required five-year periods of postrelease supervision (hereinafter PRS) as part of the determinate sentences, and the original sentence and commitment papers do not contain any reference to PRS. On September 10, 2009, approximately nine years after he was originally sentenced, and while the defendant was still incarcerated and serving the original sentence, he was brought before the Supreme Court for resentencing so that the mandatory period of PRS could be imposed (see Penal Law § 70.45).

Since the defendant had not yet been released from incarceration in connection with the original sentence when he was resentenced, the resentencing to a term of incarceration including the statutorily required periods of PRS did not subject him to double jeopardy or violate his right to due process of law (see People v Negron, 78 AD3d 1079 [2010]; People v Ragbirsingh, 78 AD3d 738 [2010]; People v Misla, 78 AD3d 735 [2010]; People v Ware, 78 AD3d 743 [2010]; People v Pruitt, 74 AD3d 1366, 1367 [2010]; People v Tillman, 74 AD3d 1251 [2010]; People v Mendez, 73 AD3d 951 [2010]; People v Murrell, 73 AD3d 598 [2010], lv granted 15 NY3d 854 [2010]; People v Parisi, 72 AD3d 989 [2010], lv granted 15 NY3d 776 [2010]; People v Becker, 72 AD3d 1290, 1291 [2010]; People v Scalercio, 71 AD3d 1060 [2010]; People v Prendergast, 71 AD3d 1055 [2010], lv granted 15 NY3d 808 [2010]; cf. People v Jordan, 15 NY3d 727, 728 [2010]; People v Williams, 14 NY3d 198 [2010], cert denied 562 US —, 131 S Ct 125 [2010]).

Furthermore, the Supreme Court was not required to exercise its discretion to consider whether the sentence as a whole was appropriate in view of the fact that each determinate sentence

would include a period of PRS. Inasmuch as the original sentencing court is presumed to have been aware that the sentences would include periods of PRS, and the defendant has not overcome that presumption, the Supreme Court did not err in failing to reconsider the original sentence (*see People v Battle*, 74 AD3d 982, 983 [2010]; *People v Prendergast*, 71 AD3d at 1056). Angiolillo, J.P., Dickerson, Hall and Austin, JJ., concur.