■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN WILLIAMS, Appellant. [916 NYS2d 519]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Brennan, J.), imposed June 18, 2009, which, upon his convictions of robbery in the first degree and robbery in the second degree, upon a jury verdict, imposed periods of postrelease supervision of five years for each conviction in addition to the determinate sentences of imprisonment originally imposed on March 2, 2000.

Ordered that the resentence is affirmed.

The defendant was convicted, upon a jury verdict, of robbery in the first degree and robbery in the second degree. On March 2, 2000, he was sentenced to concurrent determinate terms of imprisonment of 11 years for the robbery in the first degree conviction and seven years for the robbery in the second degree conviction. On June 18, 2009, while the defendant was still incarcerated and serving the original sentence, the Supreme Court resentenced the defendant, over his objection on double jeopardy and due process grounds, to the same prison terms, but with each determinate sentence to be followed by a five-year period of postrelease supervision.

Under the circumstances of this case, the defendant's contention that the resentence violated the prohibition against double jeopardy because he had a legitimate expectation in the finality of his sentence is without merit (see People v Tillman, 74 AD3d 1251 [2010]; People v Mendez, 73 AD3d 951 [2010]; People v Murrell, 73 AD3d 598 [2010], lv granted 15 NY3d 854 [2010]; People v Parisi, 72 AD3d 989 [2010], lv granted 15 NY3d 776 [2010]; People v Prendergast, 71 AD3d 1055 [2010], lv granted 15 NY3d 808 [2010]; cf. People v Williams, 14 NY3d 198 [2010], cert denied 562 US —, 131 S Ct 125 [2010]). Further, the defendant's constitutional right to due process was not violated by the resentencing (see People v Scalercio, 71 AD3d 1060 [2010]).

Contrary to the defendant's contention, the resentencing court was not required to exercise its discretion to consider whether the sentence as a whole was appropriate in view of the fact that the sentence would now include a period of postrelease supervision. Since the original sentencing court is presumed to have been aware that the sentence would include a period of

postrelease supervision, and the defendant did not overcome that presumption, no such exercise of discretion was warranted in this case (*see People v Battle*, 74 AD3d 982, 983 [2010]; *People v Prendergast*, 71 AD3d at 1056; *People v Allen*, 66 AD3d 792, 793 [2009]; *People v Stewartson*, 63 AD3d 966 [2009]). Mastro, J.P., Balkin, Eng and Hall, JJ., concur.