■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY CHEATHAM, Appellant. [917 NYS2d 890]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Brennan, J.), imposed September 25, 2009, which, upon his conviction of robbery in the first degree, upon a plea of guilty, imposed a period of postrelease supervision in addition to the determinate term of imprisonment previously imposed on April 10, 2002.

Ordered that the resentence is affirmed.

In 2002, upon the defendant's conviction of robbery in the first degree, the Supreme Court imposed a determinate prison term of 10 years. At that time, however, the Supreme Court failed to impose the statutorily required period of postrelease supervision (*see* Penal Law § 70.45 [1], [2]). Thereafter, on September 25, 2009, pursuant to the provisions of Correction Law § 601-d, the defendant appeared before the Supreme Court for resentencing, at which time the Supreme Court reimposed the original 10-year determinate term and added a five-year period of postrelease supervision.

The defendant had not yet been released from incarceration

on the original sentence at the time of his resentencing. Accordingly, the resentencing to a term including the statutorily required period of postrelease supervision did not subject him to double jeopardy or violate his right to due process (*see People v Ware*, 78 AD3d 743, 744 [2010]; *People v Pruitt*, 74 AD3d 1366 [2010]; *People v Tillman*, 74 AD3d 1251 [2010]; *People v Mendez*, 73 AD3d 951 [2010]; *People v Murrell*, 73 AD3d 598, 599 [2010], *lv granted* 15 NY3d 854 [2010]; *People v Parisi*, 72 AD3d 989 [2010], *lv granted* 15 NY3d 776 [2010]; *cf. People v Williams*, 14 NY3d 198 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]). Mastro, J.P., Skelos, Eng and Sgroi, JJ., concur.