■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO SCOTT, Appellant. [917 NYS2d 293]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Brennan, J.), imposed February 24, 2009, which, upon his conviction of attempted rape in the first degree and assault in the second degree, upon his plea of guilty, imposed a period of postrelease supervision of three years on each count, to run concurrently with each other, in addition to the determinate sentence of imprisonment originally imposed on July 11, 2001.

Ordered that the resentence is affirmed.

On July 11, 2001, the defendant was convicted, upon his plea of guilty, of attempted rape in the first degree and assault in the second degree, and sentenced to concurrent determinate terms of imprisonment of 10 years and seven years, respectively. The sentencing court, however, failed to impose the statutorily required period of postrelease supervision (hereinafter PRS). On February 24, 2009, while he was still incarcerated for those crimes, the defendant was brought before the Supreme Court for resentencing so that the mandatory period of PRS could be imposed (*see* Penal Law § 70.45; Correction Law § 601-d).

Since the defendant had not yet been released from incarceration on the original sentence when he was resentenced, the resentencing to include the statutorily required period of PRS did not subject him to double jeopardy or violate his right to due process of law (*see People v Johnson*, 79 AD3d 1072 [2010]; *People v Negron*, 78 AD3d 1079 [2010]; *People v Henry*, 78 AD3d 861 [2010]; *People v Brown*, 78 AD3d 856 [2010]; *People v Young*, 78 AD3d 744 [2010]; *People v Gittens*, 77 AD3d 765 [2010]; *People v Woods*, 77 AD3d 690 [2010]; *People v Pruitt*, 74 AD3d 1366, 1367 [2010]; *People v Tillman*, 74 AD3d 1251 [2010]; *see also People v Williams*, 14 NY3d 198 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]).

"[T]he resentencing court was not required to exercise its discretion and consider whether to reduce the defendant's

sentence as a whole in view of the fact that the sentence would now include a period of PRS. 'Since the original sentencing court is presumed to have been aware that the sentence would include a period of PRS, and the defendant has not overcome that presumption, no such exercise of discretion was warranted in this case' " (*People v Young*, 78 AD3d at 745 [citation omitted], quoting *People v Prendergast*, 71 AD3d 1055, 1056 [2010]).

The periods of postrelease supervision imposed were not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Covello, J.P., Chambers, Lott and Cohen, JJ., concur.