THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN BROWN, Appellant. [918 NYS2d 361]—

The defendant was convicted, upon a jury verdict, of two counts of robbery in the first degree. On December 19, 2000, he was sentenced to two determinate terms of 10 years imprisonment on the robbery convictions, to run concurrently. However, at his initial sentencing hearing, the Supreme Court did not mention the mandatory period of postrelease supervision that

he should have been assessed as part of his sentence. On April 28, 2009, while the defendant was still incarcerated and serving the original sentence, he was brought before the Supreme Court for resentencing so the mandatory periods of postrelease supervision could be imposed (*see* Penal Law § 70.45).

Since the defendant had not yet been released from incarceration on the original sentence when he was resentenced, the resentencing to terms including the statutorily required periods of postrelease supervision did not subject him to double jeopardy or violate his right to due process of law (*see People v Johnson*, 79 AD3d 1072 [2010]; *People v Misla*, 78 AD3d 735 [2010]; *People v Young*, 78 AD3d 744 [2010]; *People v Pruitt*, 74 AD3d 1366 [2010]; *People v Tillman*, 74 AD3d 1251 [2010]; *People v Mendez*, 73 AD3d 951 [2010]; *People v Murrell*, 73 AD3d 598 [2010], *lv granted* 15 NY3d 854 [2010]; *People v Parisi*, 72 AD3d 989 [2010], *lv granted* 15 NY3d 776 [2010]; *People v Scalercio*, 71 AD3d 1060 [2010]; *People v Prendergast*, 71 AD3d 1055 [2010], *lv granted* 15 NY3d 808 [2010]; *cf. People v Williams*, 14 NY3d 198 [2010], *cert denied* 562 US — , 131 S Ct 125 [2010]). Angiolillo, J.P., Florio, Belen and Austin, JJ., concur.