■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LILLIAN GEORGE, Appellant. [918 NYS2d 378]—

The defendant was convicted, after a jury trial, of assault in the first degree in connection with a January 1, 2000, stabbing

incident. On December 20, 2000, she was sentenced to a determinate prison term of 10 years, but the sentencing court did not pronounce the required five-year period of postrelease supervision, and the original sentence and commitment sheet does not contain any reference to postrelease supervision. On March 4, 2009, after the defendant served approximately 8½ years of her prison term, and only three weeks before she was to be conditionally released from prison, the sentencing court vacated the original sentence and resentenced her to the same 10-year determinate prison term, to be followed by a period of five years of postrelease supervision.

Since the defendant had not yet been released from incarceration for the crime in question when she was resentenced, her resentencing to a term including the statutorily required period of postrelease supervision did not subject her to double jeopardy or violate her right to due process of law (see People v Negron, 78 AD3d 1079, 1079-1080 [2010]; People v Misla, 78 AD3d 735 [2010]; People v Ragbirsingh, 78 AD3d 738 [2010]; People v Ware, 78 AD3d 743, 744 [2010]; People v Pruitt, 74 AD3d 1366, 1367 [2010]; People v Tillman, 74 AD3d 1251 [2010]; People v Mendez, 73 AD3d 951 [2010]; People v Murrell, 73 AD3d 598 [2010], lv granted 15 NY3d 854 [2010]; People v Parisi, 72 AD3d 989 [2010], lv granted 15 NY3d 776 [2010]; People v Becker, 72 AD3d 1290, 1291 [2010]; People v Scalercio, 71 AD3d 1060 [2010]; People v Prendergast, 71 AD3d 1055 [2010], lv granted 15 NY3d 808 [2010]; cf. People v Jordan, 15 NY3d 727, 728 [2010]; People v Williams, 14 NY3d 198 [2010], cert denied 562 US —, 131 S Ct 125 [2010]). Dillon, J.P., Dickerson, Hall and Roman, JJ., concur.