■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIDNEY BRIGGS, Appellant. [918 NYS2d 595]—

The defendant was convicted, upon his plea of guilty, of rape in the first degree and endangering the welfare of a child. In 2003, the defendant was sentenced to a determinate term of imprisonment of eight years upon his conviction of rape in the first degree, and a definite term of imprisonment of one year upon his conviction of endangering the welfare of a child, respectively, the terms to run concurrently with each other. In 2009 the defendant was brought before the Supreme Court for resentencing, so that a period of postrelease supervision could be imposed (*see* Penal Law § 70.45).

Since the defendant had not yet been released from incarceration on the original sentence when he was resentenced, his resentencing to a term including the statutorily required period of postrelease supervision did not subject him to double jeopardy or violate his right to due process of law (*see People v Ware*, 78 AD3d 743, 744 [2010]; *People v Misla*, 78 AD3d 735 [2010], *lv denied* 16 NY3d 744 [2011]; *People v Gittens*, 77 AD3d 765 [2010]; *People v Pruitt*, 74 AD3d 1366 [2010]; *People v Tillman*, 74 AD3d 1251 [2010]; *People v Mendez*, 73 AD3d 951 [2010]; *People v Parisi*, 72 AD3d 989 [2010], *lv granted* 15 NY3d 776 [2010]; *People v Scalercio*, 71 AD3d 1060, 1061 [2010]; *People v Prendergast*, 71 AD3d 1055 [2010], *lv granted* 15 NY3d 808 [2010]). Mastro, J.P., Skelos, Leventhal and Roman, JJ., concur.