■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AXEL ADAMS, Appellant. [925 NYS2d 901]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Gary, J.), imposed November 3, 2008, which, upon his conviction of robbery in the first degree and attempted robbery in the second degree, upon a jury verdict, imposed a period of postrelease supervision of five years in addition to the concurrent determinate terms of imprisonment previously imposed on March 21, 2000.

Ordered that the resentence is affirmed.

The defendant was convicted, upon a jury verdict, of robbery in the first degree and attempted robbery in the second degree. On March 21, 2000, the defendant was sentenced, as a second felony offender, to concurrent determinate terms of imprisonment of 15 years and seven years, respectively. In July 2008, while still incarcerated and serving his original sentence, the defendant moved pro se to vacate his sentence as illegal pursuant to CPL 440.20 because the mandatory five-year term of postrelease supervision (hereinafter PRS) had not been imposed. The defendant sought resentencing to impose the mandatory five-year term of PRS, but requested that his prison sentence be reduced in light of the PRS term. The People conceded that resentencing was required, but opposed that branch of the motion which was to reduce the prison sentence. At resentencing, the Supreme Court imposed the mandatory five-year term of

PRS and noted that it had no discretion to revisit the original prison sentence.

Since the defendant had not yet completed the original sentence when he was resentenced, the resentencing to a term including the statutorily required period of PRS did not subject him to double jeopardy or violate his right to due process (*see People v Lingle*, 16 NY3d 621 [2011]; *People v Young*, 78 AD3d 744 [2010]; *People v Ragbirsingh*, 78 AD3d 738 [2010]; *cf. People v Williams*, 14 NY3d 198 [2010], *cert denied* 562 US —, 131 S Ct 125 [2010]). As resentencing was limited to correcting the erroneous failure to impose PRS at the original sentencing, the Supreme Court properly concluded that it had no discretion to revisit the original sentence, and we have no authority to reduce the original sentence (*see People v Lingle*, 16 NY3d 621 [2011]; *People v Sparber*, 10 NY3d 457 [2008]).

The defendant's remaining contention does not warrant reversal. Prudenti, P.J., Eng, Hall and Lott, JJ., concur.