THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YAO AFOLABI, Appellant. [920 NYS2d 720]—

Appeal by the defendant from a resentence of the Supreme Court, Queens County (Gavrin, J.), imposed September 30, 2009, which, upon his conviction of criminal possession of a weapon in the second degree, reckless endangerment in the first degree (four counts), assault in the second degree, and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, imposed a period of postrelease supervision of three years in addition to the concurrent determinate terms of imprisonment previously imposed on July 1, 2004.

Ordered that the resentence is affirmed.

The defendant was convicted, upon a jury verdict, of criminal possession of a weapon in the second degree, reckless endangerment in the first degree (four counts), assault in the second degree, and criminal possession of a weapon in the third degree (two counts). In 2004 he was sentenced to concurrent terms of imprisonment, including a determinate term of imprisonment of 10 years on the count of criminal possession of a weapon in the third degree. In 2009 the defendant was brought before the Supreme Court for resentencing so that a period of postrelease supervision could be imposed (see Penal Law § 70.45).

Since the defendant had not yet been released from incarceration on the original sentence when he was resentenced, his resentencing to a term including the statutorily required period of postrelease supervision did not subject him to double jeopardy or violate his right to due process of law (see People v Johnson, 79 AD3d 1072 [2010]; People v Watson, 79 AD3d 912, 913 [2010]; People v Brown, 78 AD3d 856, 857 [2010]; People v Young, 78 AD3d 744 [2010]).

The resentencing court was not required to exercise its discretion to consider whether the sentence as a whole was appropriate in view of the fact that the sentence would now include a

period of postrelease supervision. Since the original sentencing court is presumed to have been aware that the sentence would include a period of postrelease supervision, and the defendant has not overcome that presumption, no such exercise of discretion was warranted in this case (*see People v Young*, 78 AD3d at 745; *People v Battle*, 74 AD3d 982, 983 [2010]; *People v Prendergast*, 71 AD3d 1055, 1056 [2010], *lv granted* 15 NY3d 808 [2010]; *People v Nelson*, 69 AD3d 763, 764 [2010]).

The term of postrelease supervision imposed at resentencing was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Skelos, J.P., Belen, Lott and Cohen, JJ., concur.